677 P.2d 483

Stanford LASSELLE,
Plaintiff-Respondent,
Cross-Appellant,

v.

SPECIAL PRODUCTS COMPANY, Defendant-Appellant, Cross-Respondent.

No. 13402.

Supreme Court of Idaho.

Sept. 29, 1983.

Rehearing Denied March 12, 1984.

Jeremiah A. Quane, Boise, for defendant-appellant, cross-respondent.

Daniel T. Eismann, Homedale, for plaintiff-respondent, cross-appellant.

DONALDSON, Chief Justice.

The plaintiff, Stanford Lasselle, who was sixteen at the time of the accident, sustained injuries when he became caught in a posthole digger while working with his father on the Lasselle dairy farm. On the day of the accident Lasselle's father was sitting on the tractor seat, and in an attempt to make it easier to dig through sod, the plaintiff was standing on the ground, holding the control rod of the posthole digger and rocking the digger back and forth.

A power takeoff shaft was attached to the auger and power was supplied to the auger through the shaft from the tractor. When Lasselle's father engaged the power takeoff shaft the plaintiff moved his right hand to the clevis and commenced rocking the posthole digger. The plaintiff's coat sleeve became entangled in the U-joint and he was severely injured.

The defendant, Special Products Company, manufactured the posthole digger and the dealer, D & B Supply Company, Inc., sold the posthole digger to the plaintiff's father. D & B Supply Company was a defendant in this action until a short time before trial when the company reached a settlement with the plaintiff.

Lasselle filed a complaint against Special Products Company and alleged negligence, strict liability and breach of an implied and express warranty. Lasselle claimed that the defendant's conduct caused the injury and because of it he suffered damages.

In February 1979, Special Products Company moved for a partial summary judgment dismissing the action with respect to any claim for medical expenses incurred in treating Lasselle during his minority. On the same date Lasselle made a motion for an order dismissing with prejudice D & B Supply Company, Inc. The court granted both motions. Thereafter, a jury trial was held as to the remaining claims against the

defendant. The jury returned a special verdict in which they found that Lasselle was thirty-three percent (33%) the cause of the accident, Special Products Company was sixty-seven percent (67%) the cause of the accident, and Lasselle was damaged in the amount of $150,000.

Special Products Company then moved for a new trial, or, alternatively, remittitur of the judgment. These motions were denied and the defendant appeals from the judgment and the order denying the post-trial motions. Lasselle cross-appeals the court's granting of the partial summary judgment dismissing his claim for medical expenses incurred during his minority.

On appeal, the defendant alleges several errors. The first one we will consider is Special Products' claim that the court erred in refusing to include D & B Supply Company on the special verdict form. This Court has stated that,

"It is established without doubt that, when apportioning negligence, a jury must have the opportunity to consider the negligence of all parties to the transaction, whether or not they be parties to the lawsuit and whether or not they can be liable to the plaintiff or to the other tortfeasors either by operation of law or because of a prior release." *Connar v. West Shore Equipment of Milwaukee, Inc.*, 227 N.W.2d 660, 662 (Wis.1975) *quoted in Pocatello Industrial Park Co. v. Steel West, Inc.*, 101 Idaho 783, 787, 621 P.2d 399, 403 (1980).

■ As stated in *Pocatello Industrial Park Co.* the reason for the rule is that "true apportionment cannot be achieved unless that apportionment includes all tortfeasors guilty of causal negligence either causing or contributing to the occurrence in question, whether or not they are parties to the case." *Pocatello Industrial Park, supra* at 787, 621 P.2d at 403 (quoting Heft & Heft, Comparative Negligence Manual § 8.131, at 12 (1978)).

■ The jury was instructed on both strict liability and negligence but an examination of the special verdict form indicates the jury found that the plaintiff assumed the risk, thus precluding the plaintiff from recovering under the strict liability claim. Assumption of risk does not bar recovery in this type of negligence action, *Messmer v. Ker*, 96 Idaho 75, 524 P.2d 536 (1974), but under strict liability this Court has stated that, "[i]f the user or consumer discovers the defect and is aware of the danger, and nevertheless proceeds unreasonably to make use of the product and is injured by it, he is barred from recovery."[1] *Shields v. Morton Chemical Co.*, 95 Idaho 674, 677, 518 P.2d 857, 860 (1974) (quoting Restatement (Second) of Torts § 402A, comment n (1965)); *see also Garner v. Crater Farms, Inc.*, 96 Idaho 383, 529 P.2d 779 (1974). Therefore, since the plaintiff was awarded damages under the negligence theory we hold that the trial court erred in not placing D & B Supply Company on the special verdict form because in a negligence action it is imperative that the jury have the opportunity to consider the negligence of all the parties to the transaction. *Pocatello Industrial Park, supra.*

In support of the trial court's refusal to include D & B Supply Company on the special verdict form, Lasselle argues that Special Products Company did not adequately *demand* that the issues be submitted to the jury as required by I.R.C.P. 49(a). I.R.C.P. 49(a) states that the opportunity to set forth an issue of fact in the special verdict is waived "unless before the jury retires *he demands* its submission to the jury." (Emphasis added.) Special Products Company filed a requested special verdict form containing a question concerning D & B Supply Company's negligence but the special verdict form was denied. Later, however, when asked by the court about the chosen special verdict form the appellant stated it had "no objection." Lasselle argues that this was not sufficient to meet the requirements of I.R.C.P. 49(a).

1. I.C. § 6–1305 (compiled as [6–1405] ), effective 1980, states that, rather than precluding recovery, if a claimant assumes the risk the claimant's damages will be subject to reduction.

In response, Special Products Company argues that an objection after the refusal would have been futile.

▮ Normally, if a party makes his position known to the court he need not repeat his objection when the court takes contrary action. Even though there is specific language contained in I.R.C.P. 49(a) that a party *demand* an issue be submitted to the jury we decline to require more than is normally expected of a party when objecting to an adverse ruling.[2] Therefore, we hold that once a request is made to include a tortfeasor on the special verdict form and that request is refused by the trial court there is no added requirement for counsel to again object to the form chosen by the court in order to preserve its right to raise the issue on appeal.

▮ Lasselle also claims that the trial court did not err in refusing to place D & B Supply Company on the special verdict form because Special Products Company did not point to any conduct on the part of D & B Supply Company that could be considered negligent. However, an examination of the evidence indicates that Mr. Greenburg, the general manager of Special Products Co., testified that the control rod was designed so that the digger could be operated from the tractor seat, rather than having another individual operate the digger. A picture in the operating manual, plaintiff's Exhibit No. 20, shows the rod being operated from the tractor seat. Mr. Oswald, the store manager for D & B Supply Company, testified that they received posthole diggers unassembled and that Special Products Company includes instruction booklets with the product. He testified that the instructions are included in a plastic bag that also contains the bolts used to assemble the transmission on to the auger. Mr. Lasselle testified that he purchased an assembled posthole digger that was on display and he did not receive an operator's manual. From this evidence the jury could have concluded that D & B Supply Co. was negligent when, after receiving the posthold digger and assembling it, they neglected to give Mr. Lasselle the operator's manual. Therefore it was proper to include D & B Supply Company in the special verdict form so that the jury could assess the amount of negligence, if any, that they thought proper.

Because D & B Supply Company was not placed on the special verdict form this case is reversed and remanded for a new trial. However, because the jury found that the plaintiff could not recover under the strict liability claim, we remand for a new trial only as to the negligence claim.

▮ On cross-appeal Lasselle argues the trial court erred in ruling that an unemancipated minor has no cause of action to recover for medical expenses incurred in treating him during his minority. The general rule, recognized by the trial court, is that the parents have the primary right of action for expenses incurred by the child in connection with the injury. *Drayton v. Jiffee Chemical Corp.*, 395 F.Supp. 1081 (N.D. Ohio 1975) *modified* 413 F.Supp. 834 (1976); *Palmore v. Kirkman Laboratories, Inc.*, 270 Or. 294, 527 P.2d 391 (1974); *see also Baldwin v. Ewing*, 69 Idaho 176, 204 P.2d 430 (1949). However, parents may waive or relinquish their rights in favor of the child so as to entitle the child to recover the full amount of damages. *Bagyi v. Miller*, 3 Ohio App.2d 371, 210 N.E.2d 887 (1965) *cited in Davis v. Drackett Products Co.*, 536 F.Supp. 694 (S.D. Ohio 1982); *see generally*

---

**2.** A strict construction of the parallel federal rule has been criticized:

> "[A]lthough the rule may limit the number of new trials caused by the failure of the judge to submit an issue demanded, one wonders if the price paid by the litigants is not too high. Inexperienced counsel, not aware that there lurks an exception to the general practice, may waive their clients' right to jury trial on an issue without even realizing that they have sacrificed their fundamental right. Since special verdicts are rarely used, many counsel must be unfamiliar with the special requirement. The rule would seem to create a real trap for the unwary or unskilled, and it is certainly doubtful whether the benefit of a double warning to the trial judge is worth such a price." Comment, *Special Verdicts: Rule 49 of the Federal Rules of Civil Procedure*, 74 Yale L.J. 483, 510 n. 89 (1965).

59 Am.Jur.2d *Parent and Child* § 123 (1971). This waiver may be formal or implied from the party's conduct such as failing to object to the bringing of an action by the child in which the child claims damages properly belonging to the parent, or when he testifies in the child's action in regard to such damages. *Bagyi, supra.*

The trial court cited I.C. § 32–1003 [3] for the proposition that the parents have the exclusive cause of action for recovery of medical expenses for treatment of their minor child. I.C. § 32–1003 provides that if a parent neglects to provide articles necessary for a child according to the parent's ability, then a third person may supply the necessaries and recover the reasonable value from the parent. We agree with Lasselle that this statute does not purport to limit a child's right to recover his medical expenses. Allowing the child to recover if the parents waive their primary right of recovery does not require the defendant to pay the minor's medical expenses twice. The parents' waiver adequately protects the defendant.

Also, we are not concerned that the medical expenses were paid by the insurance company and the parents. This Court has long recognized the rule that "a tortfeasor is not relieved from liability because of the contribution of others." *Alesko v. Union Pacific R.R.*, 62 Idaho 235, 243, 109 P.2d 874, 878 (1941).

In this case the parents did not object, but rather, filed a ratification and testified on the child's behalf. These acts constituted a waiver by the parents. Therefore, on retrial the trial court should allow evidence of medical expenses incurred in treating Lasselle during his minority.

Having addressed the necessary questions of law, in light of our disposition of this case, we find no need to address the other issues raised by Special Products Company.

**3.** I.C. § 32–1003. "Liability of parent for child's necessaries.—If a parent neglects to provide articles necessary for his child who is under his charge, according to his circumstances, a third

The judgment is reversed and remanded for a new trial in conformity with this opinion.

Costs to appellant on appeal and to respondent on cross-appeal.

No attorney fees.

SHEPARD, BAKES and BISTLINE, JJ., and McFADDEN, J. pro tem, concur.

person may in good faith supply such necessaries, and recover the reasonable value thereof from the parent."