758 P.2d 704

Fredrick C. HICKMAN, Jr. and Roberta Hickman, Heirs at Law of Robert T. Hickman, Deceased and Steven J. Hickman, Plaintiffs–Appellants,

v.

FRATERNAL ORDER OF EAGLES, BOISE # 115, Defendant–Respondent.

and

William E. Davis; John Does 1 Thru X; and ABC Corporation, Defendants.

No. 16755.

Supreme Court of Idaho.

July 1, 1988.

Swanson & Setzke, Chartered, Boise, for plaintiffs-appellants. Raymond W. Setzke, Jr., argued.

Moffatt, Thomas, Barrett & Blanton, Boise, for defendant-respondent. Phillip S. Oberrecht, argued.

HUNTLEY, Justice.

Fredrick and Roberta Hickman, heirs at law of Robert Hickman, deceased, and Steven Hickman (hereinafter "Hickman") appeal from a judgment entered on a jury verdict finding Fraternal Order of Eagles, Boise # 115 (hereinafter "Eagles") not negligent. Eagles provided the food, bar and bartender at a Christmas party attended by William Davis. Davis consumed alcohol at both the party and his sister's home and later caused an automobile collision which killed Robert Hickman and injured Steven Hickman. Davis is not a party in the instant case, as Hickman has been unable to locate and serve process upon him.

The briefing of Eagles and the oral argument of both parties indicates that once Davis left the party, he consumed nine "whiskey sours" at his sister's home prior to leaving and causing the automobile collision.[1] There is no contention that plaintiffs were in any way negligent.

Hickman argues on appeal the the trial court's instructions to the jury were erroneous in three instances: That Instruction No. 29 failed to include the name of non-party Davis for a possible apportionment of negligence; that Instruction Nos. 23 through 27 inaccurately stated that Davis' conduct in driving might be a superseding cause or intervening force obviating any negligence by Eagles, arguing that Davis' subsequent conduct was entirely foreseeable; and that Instruction No. 19, which defined proximate cause with a "substantial factor" element, was prejudicially quantitative and not in conformance with IDJI 230. We affirm the trial court.[2]

## I. THE FAILURE TO INCLUDE A NON–PARTY ON THE VERDICT FORM

Appellant argues that the trial court's failure to include Davis' name on the verdict form is contrary to this Court's holdings in *Vannoy v. Uniroyal Tire Co.,* 111 Idaho 536, 726 P.2d 648 (1986); *Lasselle v. Special Products Co.,* 106 Idaho 170, 677 P.2d 483 (1983); and *Pocatello Industrial*

---

1. We first learned of Davis' drinking subsequent to the Christmas party when reading Respondent's Brief. Counsel for appellant Hickman failed to include these facts in his brief, contrary to Idaho Appellate Rule 35, which requires that appellant give an accurate statement of the facts. Counsel for appellant further failed to provide an adequate transcript of the trial proceeding. Counsel for appellant damages both his credibility and his client's position when he fails to state the facts to this Court with the utmost candor.

2. Hickman's action was brought under a common-law dram shop liability theory. The trial court denied Eagles' motion for summary judgment, which argued that such a cause of action does not exist in Idaho, which denial was not appealed to this Court by Eagles. By this opinion, we do not express any opinion as to the viability, in Idaho, of causes of action premised upon the theory of common-law dram shop liability.

*Park Co. v. Steel West, Inc.,* 101 Idaho 783, 621 P.2d 399 (1980); and therefore constitutes reversible error.

The first time we addressed the issue of when a non-party must be placed on the verdict form was in *Pocatello Industrial Park Co., supra,* wherein we stated:

> It is established without doubt that, *when apportioning negligence,* a jury must have the opportunity to consider the negligence of all parties to the transaction, whether or not they be parties to the lawsuit and whether or not they can be liable to the plaintiff or to the other tortfeasors either by operation of law or because of a prior release. (Emphasis added).

*Id.* at 787, 621 P.2d at 403, (quoting from *Connar v. West Shore Equipment of Milwaukee, Inc.,* 68 Wis.2d 42, 227 N.W.2d 660, 662 (1975)). Our holding in *Pocatello Industrial Park* was further refined in *Lasselle v. Special Products Co., supra.* In *Lasselle,* we called specific attention to language .in *Pocatello Industrial Park, Co.,* noting that "true apportionment cannot be .achieved unless that apportionment includes all tortfeasors *guilty of causal negligence* either causing or contributing to the occurrence in question, whether or not they are parties to the case." *Id.* 106 Idaho at 172, 677 P.2d at 485 quoting *Pocatello Industrial Park, Co., supra,* 101 Idaho at 787, 621 P.2d at 403, further quoting Heft & Heft, *Comparative Negligence Manual § 8.131, at 12 (1978).* (Emphasis added).

*Lasselle* highlighted the import of the existence of a plausible contribution to negligent causation before a non-party be placed on the verdict form for an apportionment of negligence:

> *Lasselle* ... claims that the trial court did not err in refusing to place [the non-party] on the special verdict form because [the defendant] did not point to any conduct on the part of [the non-party] that could be considered negligent.... [An examination of the evidence indicates that] the jury could have concluded that [the non-party] was negligent.... Therefore it was proper to in-

clude [the non-party] in the special verdict form so that the jury could assess the amount of negligence, if any, that they thought· proper.

*Id.,* 106 Idaho at 173, 677 P.2d at 486.

Again, our rationale in requiring that certain non-parties be included on special verdict forms was further honed and defined in *Vannoy, supra.* Noting the similarity between I.C. § 6–1304 (setting forth a comparative responsibility system for product liability actions) and I.C. § 6–801 (providing for comparative responsibility in negligence actions), we held that a non-party defendant was erroneously omitted from the verdict form and explained the salient factor in the analysis affecting inclusion on the verdict form:

> In determining whether or not to include additional parties on the verdict form, the question is not whether a judgment would or could be rendered against that person, but whether or not his conduct or his product caused or contributed to the accident and injuries.

*Id.* 111 Idaho at 543–44, 726 P.2d at 660.

In sum, our decisions require inclusion on the verdict form for purposes of effecting a valid comparison of negligence under our comparative system. Idaho Code §§ 6–801 and 6–802 define and explain the workings of that system:

> **I.C. § 6–801. Comparative negligence or comparative responsibility—effect of contributory negligence.**—Contributory negligence shall not bar recovery in an action by any person or his legal representative to recover damages for negligence or gross negligence resulting in death or an injury to person or property, if such negligence was not as great as the negligence or gross negligence of the person against whom recovery is sought, but any damages allowed shall be diminished in the proportion to the amount of the negligence *attributable to the person recovering....* (Emphasis added).
>
> **I.C. § 6–802. Verdict giving percentage of negligence attributable to each party.**—The court may, and when requested by any party shall, direct the jury to find separate special verdicts determining the

**548**

amount of damages and the percentage of negligence or comparative responsibility attributable to each party; and the court shall then reduce the amount of such damages in proportion to the amount of *negligence or comparative responsibility attributable to the person recovering....* (Emphasis added).

█ Those code sections envision apportionment where there is "negligence attributable to the person recovering." In the instant case, there was no contention that the Hickmans were in anyway negligent. Any negligence by Davis, therefore, could not serve to lessen their award. And, the trial court stated, the jury was well aware of Davis' negligence and the only issue to be decided was Eagles' negligence:

> As a general proposition, I would tend to agree with plaintiff that you put all the possible actors onto a special verdict form to compare the negligence. I think if I did it in this case, it's confusing and absolutely unnecessary for the following reasons: No. 1, Davis is not a party. No. 2, everyone concedes the ·fact that Davis was negligent.
>
> The main issue in this case, the only issue in this case, is Eagles' negligence. If Eagles is one percent negligent, they are liable for everything. If Eagles is ninety-nine percent negligent as compared to Davis, they are liable for everything. If Eagles is zero percent negligent, there is nothing to compare it with. In effect, I think trying to compare Eagles to the non-party Davis is irrelevant, immaterial and confusing.

We conclude that our cases do not require Davis' inclusion on the verdict form and further hold that, in view of the trial court's finding that such would only confuse the jury, and such an instruction would have been inappropriate in this case. We affirm the trial court on this issue.

## II. THE INSTRUCTION ON SUPERSEDING CAUSE/INTERVENING FORCE

Hickman has no quarrel with the substance of Instructions Nos. 23 through 27. Indeed, they are standard instructions for the determination of superseding causation. Rather, Hickman argues that, as a matter of law, the giving of such instructions was prejudicially erroneous as it was factually impossible that Davis' conduct and driving might be an unforeseen and unanticipated consequence of any negligence on the part of Eagles.

This argument is entirely premised upon Hickman's abbreviated rendering of the factual setting. Were Hickman correct in his statements in briefing this case that Davis caused the accident immediately after leaving the party hosted by Eagles, it would indeed be an issue of some concern whether Davis' conduct in driving could, to a legal possibility, constitute an unforeseeable result of Eagles' allegedly negligent conduct.

> Our cases have long held that:
> [B]efore an intervening superseding cause of an accident can become the sole proximate cause of the injury, and thus relieve the first negligent wrongdoer of liability, such subsequent cause must have been unforeseen, unanticipated and not a probable consequence of the original negligence.

*Dewey v. Keller,* 86 Idaho 506, 515, 388 P.2d 988, 997 (1964). (See also, *Doe v. Durtschi,* 110 Idaho 466, 716 P.2d 1238 (1986); *Carron v. Guido,* 54 Idaho 494, 33 P.2d 345 (1934). Indeed, had Davis consumed large quantities of liquor from Eagles and then immediately caused the automobile accident in question, his drunken driving would be exactly the kind of result clearly foreseeable to Eagles, should Eagles have been negligent in serving alcohol to Davis while he was obviously intoxicated. However, the evidence is conflicting as to whether Davis was intoxicated while at the Eagles, and if intoxicated, was obviously so. The evidence was conflicting as to whether the Eagles could have reasonably anticipated Davis' later conduct. Davis had been driven to the Eagles by his sister, and left the Eagles also driven by his sister. Only later did he drink the nine additional drinks, and following an argument with his sister obtain the keys to the car, drive away, and cause the accident. These

controverted facts before the jury should be viewed from the standpoint of supporting the jury verdict.

■ However, counsel for Hickman admitted at oral argument that the evidence showed that Davis consumed nine "whiskey sours" at his sister's home *after* leaving the party, after which he caused the automobile collision. Under this altered factual scenario, it is clear that the "superseding cause" alleged was not Davis' driving, but his conduct in consuming nine drinks after leaving the party hosted by Eagles. It is entirely appropriate that instructions on superseding cause or intervening force be given in this instance, as these facts could certainly give rise to findings of unforeseeability and remote causation while assessing Eagles' alleged negligence. Accordingly, we hold that these instructions were entirely appropriate and affirm the trial court.

### III. THE INSTRUCTION ON PROXIMATE CAUSE

Appellant's final assignment of error concerns the trial court's instruction on proximate cause, which read in pertinent part:

> Proximate cause is defined as a cause which is a *substantial factor* in producing injury, damage, loss or harm which, in nature or probable sequence, has produced the injury, damage, loss or harm complained of.... (Emphasis added).

Appellant Hickman contends that the "substantial factor" language set forth in that instruction is erroneous as it requires a finding of an increased degree of proximate cause additional to that required in IDJI 230, as it was in effect in 1986.[3]

That version of IDJI 230 defines "proximate cause" as:

**3.** IDJI 230 was amended, effective July 1987, and now reads:

PROXIMATE CAUSE

When I use the expression "proximate cause," I mean a cause which, in natural or probable sequence, produced the complained injury, loss or damage, and but for that cause the damage would not have occurred. It need not be the only cause. It is sufficient if it is a substantial factor in bringing about the injury, loss or damage. It is not a proximate

A cause which, in natural or probable sequence, produced the damage complained of. It need not be the only cause. It is sufficient if it concurs with some other cause acting at the same time, which in combination with it, causes damage.

■ We acknowledge that some jurisdictions and commentators have argued that a "substantial factor" analysis is only appropriate when addressing the determination of "cause in fact" or "actual cause," as opposed to "proximate" or "legal" cause. 57 Am.Jur.2d Negligence § 147, p. 505; *Swanson v. Slagal*, 212 Ind. 394, 8 N.E.2d 993 (1937); *Rugg v. State*, 384 A.D. 179, 131 N.Y.S.2d 2 (1954); *Hopson v. Gulf Oil Corp.*, 150 Tex. 1, 237 S.W.2d 352 (1951); *Frazier v. Pokorny*, 349 P.2d 324 (Wyo. 1960); 100 A.L.R.2d 984, § 7 at 985. See also, Prosser, Torts First 318, 319 § 45; Prosser, Torts Second 256 § 47. *Bacon v. Celeste*, 30 A.D.2d 324, 292 N.Y.S.2d 54 (1969). However, we decline to address that issue as it is not properly before us on appeal, as the jury specifically found no negligence on the part of Eagles. Accordingly, an issue having to do with the semantics of the proximate cause instruction is moot, because the issue of the presence or absence of proximate cause does not come into play until and unless some underlying negligence is found.

The verdict and judgment are affirmed. Costs to respondent. No attorney fees on appeal.

SHEPARD, C.J., and BAKES, BISTLINE and JOHNSON, JJ., concur.

cause if the injury, loss or damage likely would have occurred anyway.

[There may be one or more proximate causes of injury. When the negligent conduct of two or more persons contributes concurrently as substantial factors in bringing about an injury, the conduct of each may be a proximate cause of the injury regardless of the extent to which each contributes to the injury.]