946 P.2d 631

**Robert A. BLOME, M.D., Plaintiff–Respondent,**

v.

**John H. TRUKSA, M.D., Defendant–Appellant.**

**John H. TRUKSA, M.D., Third Party Plaintiff–Appellant,**

v.

**Neil K. FARRIS, D.O., Third Party Defendant–Respondent.**

No. 23008.

Supreme Court of Idaho,
Boise, April 1997 Term.

Sept. 5, 1997.

Rehearing Denied Nov. 25, 1997.

Hawley, Troxell, Ennis & Hawley, Boise, for Appellant. Joseph D. McCollum, Jr. argued.

Quane, Smith, Howard & Hull, Boise, for Respondent. Bruce R. McAllister argued.

SCHROEDER, Justice.

This case is an interlocutory appeal from a contribution action involving three doctors named as defendants in a previous medical malpractice litigation: Robert A. Blome, M.D.; John H. Truksa, M.D.; and Neil K. Farris, D.O. *Marchand v. Mercy Med. Ctr.*, Civ. 89–1216 (D.Idaho, Dec. 9, 1991) (*Marchand*).

## I.

## BACKGROUND AND PRIOR PROCEEDINGS.

### A. Facts Related to the Previous Litigation.

Ken Marchand (Marchand) was injured on March 13, 1987, while working at the Amalgamated Sugar Company in Nampa, Idaho. Responding paramedics immobilized Marchand's head and neck. He was admitted to the emergency room of Mercy Medical Center on March 13, 1987, and was treated by Neil K. Farris, D.O. (Farris). Robert A. Blome, M.D. (Blome), a general surgeon, and Douglas Rogers, M.D. (Rogers), an anesthesiologist, consulted with Farris. As part of Marchand's emergency room treatment, Farris and the other doctors agreed to order a full set of cervical spine x-rays, however, a full set was not completed. Five x-rays were taken of Marchand's chest and neck by John H. Truksa, M.D. (Truksa), a radiologist. Farris removed or caused to have removed the restraints immobilizing Marchand's neck. Following his treatment in the emergency room, Marchand was admitted as an in-patient and transferred to the Intensive Care Unit under Blome's supervision. Truksa did not review Marchand's x-rays until the following day.

On March 14, 1987, Marchand underwent further evaluations. While in the Intensive Care Unit he began to exhibit symptoms of a cervical spine fracture and complained of numbness in his extremities. Later that day Marchand reported that he had no feeling from his chest down. After these facts were related to Marchand's doctors, they discovered that he had broken his neck at the C7–T1 level. Marchand became and remains paralyzed.

Marchand filed a medical malpractice claim in the U.S. District Court for the District of Idaho naming Farris, Blome, Truksa, Mercy Medical Center and Rogers as co-defendants and alleging that his doctors' failure to diagnose and treat his spinal fracture caused his paralysis. The jury found in favor of Marchand and against Farris, Blome and Truksa, as joint and several tortfeasors, awarding

$4.2 million in damages. Mercy Medical Center and Rogers were found not liable.

A special verdict form was used in *Marchand.* The jury was instructed the following:

> You are instructed that should you return a verdict for the plaintiff against more than one of the defendants, both as to the failure to meet the applicable standard of care and as to proximate cause, and award damages therefor[e], any such verdict and damages will be the joint and several responsibility of each of those defendants. The plaintiff may thereafter seek payment of the entire amount from any or all of the defendants found to be at fault.

> Next is an *advisory question* which asks you to assign percentages of fault:

> . . . .

> Insert in the answer to Question No. 12 the percentage of fault for the injuries resulting to Plaintiff Kevin Marchand which you find attributable to each party. If, in any of Question Nos. 1 through 10, you found that a party did not violate the applicable standard of care, or that any act or failure to act by that party was not a proximate cause of plaintiff's injuries, and you therefore answered "no" to either question applicable to that party, you are to enter a zero (0) for that party on the appropriate line in Question No. 12. Your percentages must total 100 percent.

(emphasis added).

The jury assigned the following percentages of fault: Blome—33%, Truksa—33% and Farris—34%. Truksa's surety paid Marchand 33% of $4.2 million, amounting to $1,386,000.00. Farris and Blome were both insured by another surety, CNA Insurance Company (CNA). Farris did not have sufficient coverage to satisfy 34% of the verdict which was approximately $1,428,000.00. CNA paid Marchand the policy maximum ($1 million) under Farris' policy and paid $1,814,-000.00 under Blome's policy ($428,000.00 more than 33% of the total verdict).

### B. Facts Related to the Contribution Action.

Blome filed the present action in state district court, alleging that he had paid more than his pro-rata share of the *Marchand* verdict in the federal case and seeking contribution from Truksa in an amount to be determined at trial. Truksa filed an answer and cross-claim against Farris. Farris filed a motion to dismiss for failure to state a claim, which the district court denied. Truksa also moved for summary judgment against Blome, alleging that: (1) the parties' apportionment of fault was litigated in *Marchand* before the federal district court and that Blome is collaterally estopped from re-litigating apportionment; (2) even if not barred by collateral estoppel, as a matter of law, there was not disproportionate fault among the tortfeasors to render their pro-rata distributions inequitable; and (3) Blome's claims should be dismissed because CNA, not Blome, is the real party in interest.

The district court denied Truksa's motion for summary judgment, stating:

> [T]his Court concludes that Plaintiff Dr. Blome was not provided a full and fair opportunity to litigate the issue of proportionate fault in the original *Marchand* case, that Plaintiff Dr. Blome is not collaterally estopped to litigate the issue of proportionate fault in this action, and consequently, Dr. Truksa's Motion for Summary Judgment must be, and hereby is DENIED;

> This Court further concludes that Plaintiff Dr. Blome is the real party in interest in this case, and accordingly, Dr. Truksa's Motion to Dismiss because Plaintiff was not the real party in interest, must be, and hereby is DENIED.

The district court entered an order granting permission to file an interlocutory appeal and this Court subsequently granted permission to appeal.

### II.

### STANDARD OF REVIEW.

■ This Court reviews a district court's ruling on a motion for summary judgment by applying the same standard properly applied by the district court when originally ruling on the motion. *Farm Credit Bank of Spo-*

*kane v. Stevenson,* 125 Idaho 270, 272, 869 P.2d 1365, 1367 (1994). When faced with an appeal from summary judgment, this Court must determine whether pleadings, depositions, and admissions on file, together with affidavits, show there was no genuine issue as to any material fact, and that the moving party was entitled to judgment as a matter of law. *City of Sun Valley v. Sun Valley Co.,* 128 Idaho 219, 221, 912 P.2d 106, 108 (1996). This Court liberally construes the record in a light most favorable to the party opposing the motion, drawing all reasonable inferences and conclusions in that party's favor. *Stevenson,* 125 Idaho at 272, 869 P.2d at 1367. This Court exercises free review over questions of law. *Downey Chiropractic Clinic v. Nampa Restaurant Corp.,* 127 Idaho 283, 285, 900 P.2d 191, 193 (1995).

## III.

### CNA AS THE REAL PARTY IN INTEREST.

In this case CNA has fully discharged the liability of Blome and Farris. Truksa argues that CNA is the real party in interest, and that Blome's claim for apportionment should be dismissed. There is a strong argument that CNA is the real party in interest. However, under the facts of the case, joinder or substitution would have been allowed so that the case could proceed in CNA's name. I.R.C.P. 17(a). Therefore, the Court will resolve the apportionment issue, which finally determines the case, without remanding on this issue the result of which would be further expense to the litigants.

## IV.

### FAULT WAS APPORTIONED IN *MARCHAND.*

Section 6–802 of the Idaho Code directs that "[t]he court may, and when requested by any party shall, direct the jury to find separate special verdicts determining the amount of damages and percentage of negligence attributable to each party." I.C. § 6–802 (1971).[1] Prior to commencement of the *Marchand* trial, both Truksa and Mercy Medical Center submitted special verdict forms which asked the jury to apportion fault among the *Marchand* defendants. Blome and others objected to apportionment and submitted a special verdict form which did not apportion fault. All of the parties briefed the issue and Judge Ryan heard oral arguments on this issue. Although the special verdict form prefaced apportionment of fault as "advisory," according to the plain language of I.C. § 6–802 (1971), such an apportionment was mandatory. "Advisory" language to the contrary, after Truksa requested the jury to find separate special verdicts determining percentages of negligence attributable to each, the jury was required to and did apportion fault.

Blome cites *Hickman v. Fraternal Order of the Eagles,* 114 Idaho 545, 758 P.2d 704 (1988), to support his argument that I.C. § 6–802 is only applicable in those situations in which the plaintiff is alleged to be partially negligent. In particular, Blome cites the following language in *Hickman* which quotes from the 1987 version of I.C. § 6–802 to support his argument: "[I.C. §§ 6–801 and 6–802 (1987) ] envision apportionment where

---

1. In *Marchand,* the parties proceeded from the premise that Marchand's cause of action arose at the time he was injured—March 1987. Effective July 1, 1987, I.C. § 6–803 was amended significantly limiting joint and several liability in the state. I.C. § 6–802 was also amended in 1987 adding the underlined portions which follow: 6–802. VERDICT GIVING PERCENTAGE OF NEGLIGENCE *OR COMPARATIVE RESPONSIBILITY* ATTRIBUTABLE TO EACH PARTY. The court may, and when requested by any party shall, direct the jury to find separate special verdicts determining the amount of damages and the percentage of negligence *or comparative responsibility* attributable to each party; and the court shall then reduce the amount of such damages in proportion to the amount of negligence *or comparative responsibility* attributable to the person recovering. *Nothing contained herein shall create any new legal theory, cause of action, or legal defense.* Act of July 1, 1987, ch. 278, § 2, 1987 Idaho Sess. Laws 577.

It is clear from the verdict that the defendants were found jointly and severally liable. It is also apparent from the parties' briefing on the applicability of I.C. § 6–802 and from the record on appeal that the parties argued that apportionment should be included on the special verdict form pursuant to the 1971 version of I.C. § 6–802.

there is 'negligence attributable to the person recovering.' " 114 Idaho at 548, 758 P.2d at 707.

The version of section 6–802 of the Idaho Code under which this case was tried was contemporaneously adopted in 1971 with sections 6–801 and 6–803. These provisions do not limit apportionment to cases involving contributory negligence. In fact, when read together, those sections reveal a logical and comprehensive treatment of the rights of parties involved in a negligence action. As set forth in the 1971 session laws, those sections provide:

SECTION 1. Contributory negligence shall not bar recovery in an action by any person or his legal representative to recover damages for negligence or gross negligence resulting in death or in injury to person or property, if such negligence was not as great as the negligence or gross negligence of *the person* against whom recovery is sought, but any damages allowed shall be diminished in the proportion to the amount of negligence attributable to *the person* recovering.

SECTION 2. The court may, and when requested by *any party shall,* direct the jury to find separate special verdicts determining the amount of damages and the percentage of negligence attributable to each party; and the court shall then reduce the amount of such damages in proportion to the amount of negligence attributable to the person recovering.

SECTION 3. (1) The right of contribution exists among joint tortfeasors, but a joint tortfeasor is not entitled to a money judgment for contribution until he has by payment discharged the common liability

or has paid more than his pro rata share thereof.

Act of July 1, 1987, ch. 186, §§ 1–3(1), 1971 Idaho Sess. Laws 863–64 (emphasis added).

▇▇▇ Reading these sections so as to ascertain and give effect to the legislative purpose and to give force and effect to every part of the provision, as our basic tenets of statutory construction direct, *Dohl v. PSF Indus., Inc.,* 127 Idaho 232, 237, 899 P.2d 445, 450 (1995); *J.R. Simplot Co. v. Idaho State Tax Comm'n,* 120 Idaho 849, 854, 820 P.2d 1206, 1211 (1991); *Sweitzer v. Dean,* 118 Idaho 568, 571–72, 798 P.2d 27, 30–31 (1990), they reveal a broader and more comprehensive scheme than what Blome urges. A clear reading of the enactment shows that Section 1 addresses those situations involving one plaintiff and one defendant. Section 2 contemplates co-parties as is evidenced by the legislature's use of the term "any party" rather than "either party." Section 3 addresses the right of contribution among co-parties. This completes a statutory scheme that encompasses the resolution of rights among multiple defendants as well as between a plaintiff and a defendant.

▇▇▇ This enactment is not limited to the situation in which the plaintiff is alleged to be at fault. Such a narrow reading would not effectuate the intent of the legislature.[2] In *Hickman,* this Court held that it was not error to exclude a *non-party* from the special verdict form when the plaintiff was not alleged to be at fault. 114 Idaho at 548, 758 P.2d at 707. That case dealt with one plaintiff and one defendant. The language contained in that opinion is premised upon the particular facts of the case dealing with who should be included on the verdict form when the inclusion of the non-party would have no

---

**2.** The Court is aware of the rule that a jury may not apportion damages between joint tortfeasors who are jointly and severally liable. *See Browder v. Cook,* 59 F.Supp. 675, 678 (D.Idaho 1945). *See also* Mary J. Cavins, J.D., Annotation, *Propriety and Effect of Jury's Apportionment of Damages as Between Tortfeasors Jointly and Severally Liable,* 46 A.L.R.3d 801, 808 (1972). However, this rule simply means that joint tortfeasors are jointly and severally liable and their liability *vis a vis* the recovering plaintiff cannot be limited by apportionment. Moreover, there is an exception to this rule when statutory authorization exists

for such apportionment. *See Allred v. Demuth,* 319 Ark. 62, 890 S.W.2d 578, 581 (1994); *Hubbard v. Estate of Havlik,* 213 Kan. 594, 518 P.2d 352, 359 (1974); 46 A.L.R.3d at 808. Section 6–802 of the Idaho Code authorizes apportionment when "any party" requests the jury to find separate special verdicts. I.C. § 6–802 (1971). Section 6–803 provides for contribution among "joint" tortfeasors which "means one (1) of two (2) or more persons jointly or severally liable in tort." I.C. § 6–803(4) (1971). These statutes authorize apportionment in joint and several liability cases.

effect upon the outcome. It did not address the case in which there are multiple defendants who may seek contribution from one another. The language in section 6–802 (1971) does not exclude "any party" from requesting a special verdict form when the plaintiff is not negligent. Contemporaneous enactment of section 6–801 through section 6–803, envisioning a comprehensive treatment of the rights of parties involved in a negligence action, refutes Blome's arguments to the contrary.

## V.

### THE STATE COURT SYSTEM IS NOT THE PROPER FORUM TO CHALLENGE THE EVIDENCE EXCLUDED IN *MARCHAND*.

■ No cross-claims were filed in *Marchand,* and the co-defendants were limited to some extent in their presentation of evidence against co-defendants. Consequently, Blome argues that it would be unfair to hold him to the apportionment of fault assigned on the special verdict form. However, the record shows that the parties were highly cognizant of the possibility that the jury would apportion fault. The defendants raised co-defendant liability as an affirmative defense. Truksa and another defendant requested apportionment. The parties briefed and argued the issue. Blome could not be surprised that the jury was instruct-

ed to apportion fault. If Blome was frustrated in the presentation of his case by the ruling limiting presentation of evidence against a co-defendant, the appropriate course of action was to appeal that ruling in the federal system, not to bring a separate action for reapportionment in the state system.

Truksa requested apportionment of fault pursuant to I.C. § 6–802, and the *Marchand* jury apportioned fault notwithstanding the verdict form's "advisory" language. That apportionment is binding.

## VI.

### CONCLUSION.

The district court's ruling is reversed. Fault was apportioned in *Marchand* establishing the parties' rights of contribution. Truksa is awarded costs on appeal. No attorney fees are awarded.

TROUT, C.J., JOHNSON and McDEVITT,* JJ., and MAY, Justice Pro Tem., concur.

---

* Justice McDevitt participated in this decision prior to his resignation.