91 P.3d 1111

IDAHO DEPARTMENT OF LABOR; Jerry Brown and Debbie Brown, husband and wife; Patricia Farrington and Richard Farrington, wife and husband; Maria Gray; Brett Pippenger, surviving spouse of Jessica Pippenger; Bryce Pippenger, child of Jessica Pippenger; Blake Pippenger, child of Jessica Pippenger; Ann Marie Rowe, surviving spouse of Arthur Rowe, Plaintiffs–Respondents,

v.

SUNSET MARTS, INC.; Sunset Marts, Inc., d/b/a Deano's; James Casey and Eugena Casey, individually and as husband and wife; Stephen Bush and Jane Doe Bush, individually and as husband and wife, Defendants–Appellants,

and

Hayes Food Store and Ellie Hayes, Defendants–Intervenors–Appellants.

No. 29069.

Supreme Court of Idaho, Boise, March 2004 Term.

May 20, 2004.

Hall, Farley, Oberrecht & Blanton, P.A., Boise, for appellants Sunset Marts, Inc., and James and Eugena Casey. Raymond D. Powers argued.

Miller, Devlin, McLean & Weaver, P.S., Spokane, Washington, for appellants Hayes Food Store and Ellie Hayes. J. Scott Miller argued.

Anderson Julian & Hull, Boise, for respondent Idaho Department of Labor. Phillip J. Collaer argued.

Keeton & Tait, Lewiston, for respondents Jerry and Debbie Brown and Patricia and Richard Farrington. John R. Tait appeared.

Chenoweth Tyler & Snyder, Orofino, for respondent Maria Gray. E. Clayne Tyler appeared.

Aherin, Rice & Anegon, Lewiston, for respondents Brett, Bryce, and Blake Pippenger. Anthony C. Anegon appeared.

EISMANN, Justice.

This is an appeal from an order for partial summary judgment, striking the affirmative

defenses of comparative fault raised by defendants who were alleged to have sold or furnished alcoholic beverages to an obviously intoxicated driver. The district court certified the partial summary judgment as final under Rule 54(b) of the Idaho Rules of Civil Procedure, and the defendants appealed. Although the order for partial summary judgment was not properly certified as final under Rule 54(b), we will treat the appeal as an appeal by permission under Idaho Appellate Rule 12, and we reverse the order for partial summary judgment.

## I. FACTS AND PROCEDURAL HISTORY

On June 17, 1998, a pickup being driven by Charles Bogar veered into the oncoming lane of Highway 12 and collided head on with a Chevrolet Suburban. Bogar and Darrell Miller, his passenger, were killed in the collision, as were Arthur Rowe, the driver of the Suburban, and Jessica Pippenger, one of the passengers. The other passengers in the Suburban were Jerry Brown, Patricia Farrington, and Maria Gray. All of the persons in the Suburban were employees of the Idaho Department of Labor and were within the course and scope of their employment at the time of the collision. A blood test administered at the scene determined that Bogar's blood alcohol content was at .26%, which was over three times the legal limit.

On June 14, 2000, the Plaintiffs filed this action seeking to recover damages against the Defendants alleging that they had sold or otherwise furnished alcohol to Bogar when he was obviously intoxicated. The Defendants alleged in their answers the affirmative defense of comparative negligence. On November 21, 2001, the Plaintiffs filed a motion for partial summary judgment seeking to have that defense held inapplicable to this case. The district court ruled that Bogar's negligence was irrelevant and could not be considered by the jury. On September 23, 2002, it entered a partial judgment dismissing Defendants' affirmative defense of comparative fault, and it certified that partial judgment as final pursuant to Rule 54(b) of the Idaho Rules of Civil Procedure. The Defendants then timely appealed.

## II. ANALYSIS

The first issue we must address is whether this Court has jurisdiction to hear the appeal. Rule 54(b)(1) provides, insofar as is relevant, as follows:

When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third party claim, or when multiple parties are involved, the court may direct the entry of a final judgment upon one or more but less than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of the judgment.

The rule permits certification of a partial judgment as final only when the trial court directs judgment "upon one or more . . . of the claims or parties." Comparative negligence is an affirmative defense. IDAHO R. CIV. P. 8(c). There is a difference between a "claim" and a "defense." For example, Rule 8(a)(1) of the Idaho Rules of Civil Procedure provides, "A pleading which sets forth a claim for relief, whether an original claim, counterclaim, cross-claim, or third-party claim, shall contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 8(b) states, "A party shall state in short and plain terms the defenses to each claim asserted." Rule 12(b) provides, "Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim or third-party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion." It further states, "If a pleading sets forth a claim for relief to which the adverse party is not required to serve a responsive pleading, the adverse party may assert at the trial any defense in law or fact to that claim for relief." Likewise, Rule 12(h)(2) refers to the "defense of failure to state a claim upon which relief could be granted." A claim seeks affirmative relief. A defense seeks to diminish or defeat the relief sought by a claim.

■ Rule 54(b) does not provide for certifying as final a partial judgment dismissing a defense. As we stated in *Rife v. Long*, 127 Idaho 841, 845, 908 P.2d 143, 147 (1995):

> In order for a partial judgment to be certified as final and appealable under Rule 54(b), the order granting partial judgment must finally resolve one or more of the claims between the parties. . . . This rule may not be invoked to permit the appeal of a partial adjudication of the rights of one of the parties; it is only applicable in a multiple party situation if there is a complete disposition of a claim relating to the party seeking to invoke the rule.

Even though the district court's order for partial summary judgment was not appealable as a matter of right, we have in limited circumstances treated such appeals as permissive appeals under Idaho Appellate Rule 12. In *Merritt v. State*, 113 Idaho 142, 742 P.2d 397 (1986), the district court issued a Rule 54(b) certificate certifying as final its order denying a motion for summary judgment. Although we later ruled that the order was not appealable as a matter of right (the denial of a motion for summary judgment does not resolve any claims), we accepted the appeal as a permissive appeal of an interlocutory order under Idaho Appellate Rule 12. Likewise, in *North Pacific Insurance Co. v. Mai*, 130 Idaho 251, 939 P.2d 570 (1997), the plaintiff appealed the denial of its motion for summary judgment. In deciding to treat the appeal as a permissive appeal under Idaho Appellate Rule 12, this Court stated:

> North Pacific did not seek permission to appeal, Mai did not question the appealability of the trial court's denial of summary judgment, and we did not identify the question concerning appealability until after oral argument. Under these circumstances, and because the trial court's decision involves a controlling question of law as to which there is substantial grounds for difference of opinion and because an immediate appeal may materially advance the orderly resolution of the litigation, we will consider and treat this appeal as an appeal by permission under I.A.R. 12.

130 Idaho at 253, 939 P.2d at 572 (citation omitted). In this case, the parties have briefed and argued the issue, the district court's order granting partial summary judgment involved a controlling question of law as to which there is substantial grounds for difference of opinion, and an immediate appeal may materially advance the orderly resolution of this litigation. Therefore, we will treat this appeal as an appeal by permission under Idaho Appellate Rule 12.

■ In *Meade v. Freeman*, 93 Idaho 389, 462 P.2d 54 (1969), this Court first addressed the issue of the liability of vendors of intoxicants for the torts of their customers. We held that there was no liability because the vending of intoxicants was not the proximate cause of the damage. "It is nearly universally held that it is the consumption of intoxicants that constitutes the proximate cause of damage to third parties resulting from the tortious or unlawful acts of the consumer and that the vending of intoxicants is too remote to be considered a proximate cause." 93 Idaho at 392, 462 P.2d at 57 (citations omitted). We next considered the issue in *Alegria v. Payonk*, 101 Idaho 617, 619 P.2d 135 (1980). We noted that a claim for negligence was comprised of four elements, which we stated as follows: "(1) a duty, recognized by law, requiring a defendant to conform to a certain standard of conduct; (2) a breach of that duty; (3) a causal connection between the defendant's conduct and the resulting injuries; and (4) actual loss or damage." 101 Idaho at 619, 619 P.2d at 137. We then overruled *Meade v. Freeman*, stating, "We therefore declare that that decision, to the extent it infers that under common-law rule and present statutes the vending of intoxicants can never be the proximate cause of damage to third parties resulting from the tortious or unlawful acts of the consumer, is overruled." 101 Idaho at 621, 619 P.2d at 139. Thus, both *Meade v. Freeman* and *Alegria v. Payonk* were based upon the issue of whether the vending of intoxicants could be a proximate cause of damage to third parties caused by the consumer of those intoxicants. Because the facts of *Alegria* involved the sale of intoxicants to someone who was both obviously intoxicated and under the legal drinking age, some construed it as

merely creating a narrow exception (serving intoxicants to someone under the legal drinking age) to the prior rule of no liability established in *Meade. Fischer v. Cooper,* 116 Idaho 374, 775 P.2d 1216 (1989). This Court later made it clear that *Alegria* also applied to serving intoxicants to an obviously intoxicated adult. *Bergman v. Henry,* 115 Idaho 259, 766 P.2d 729 (1988).

▮▮▮ In 1986, the legislature enacted Idaho Code § 23–808 (Dram Shop Act), subsection (1) of which provides:

> The legislature finds that it is not the furnishing of alcoholic beverages that is the proximate cause of injuries inflicted by intoxicated persons and it is the intent of the legislature, therefore, to limit dram shop and social host liability; provided, that the legislature finds that the furnishing of alcoholic beverages may constitute a proximate cause of injuries inflicted by intoxicated persons under the circumstances set forth in subsection (3) of this section.

The interpretation of a statute is a question of law over which we exercise free review. *City of Sandpoint v. Sandpoint Indep. Highway Dist.,* 139 Idaho 65, 72 P.3d 905 (2003). It must begin with the literal words of the statute; those words must be given their plain, usual, and ordinary meaning; and the statute must be construed as a whole. *Id.* If the statute is not ambiguous, this Court does not construe it, but simply follows the law as written. *Id.*

▮▮▮ The Dram Shop Act addresses proximate cause, not duty or breach of duty. It begins, "The legislature finds that it is not the furnishing of alcoholic beverages that is the proximate cause of injuries inflicted by intoxicated persons." Its purpose is to limit dram shop and social host liability except as provided in the Act.[1] It then provides, "[T]he legislature finds that the furnishing of alcoholic beverages may constitute a proximate cause of injuries inflicted by intoxicated persons under the circumstances set forth in subsection (3)[2] of this section." The Act states that the furnishing of alcoholic beverages "may constitute *a* proximate cause," not "shall constitute *the* proximate cause." It has long been the law in Idaho that there can be more than one proximate cause of an injury. *Dawson v. Olson,* 97 Idaho 274, 543 P.2d 499 (1975); *Pigg v. Brockman,* 85 Idaho 492, 381 P.2d 286 (1963). Thus, the Dram Shop Act does not provide that only the person who sold or otherwise provided alcoholic beverages to an intoxicated driver can be liable for the driver's negligence. Rather, it provides that under certain circumstances, the negligence of the person who sold or otherwise furnished the alcoholic beverages can also be a proximate cause of the injuries caused by the intoxicated driver. As we stated in *Van Brunt v. Stoddard,* 136 Idaho 681, 687, 39 P.3d 621, 627 (2001), "[T]rue apportionment cannot be achieved unless it [the special verdict] includes all tortfeasors guilty of causal negligence either causing or contributing to the occurrence in question, whether or not they are parties to the case."

---

1. It limits liability by stating the circumstances under which the person who sells or otherwise furnishes alcoholic beverages can be held liable for damages caused the intoxicated person; by providing that neither the intoxicated person, to whom the alcoholic beverages were sold or furnished, nor a passenger in an automobile driven by an intoxicated person has a cause of action under the Dram Shop Act; and by requiring that the person who sold or otherwise furnished alcoholic beverages to the intoxicated person be given notice within 180 days after the cause of action arose. IDAHO CODE § 23–808(3), (4) & (5) (2001).

2. Subsection (3) provides as follows:

   A person who has suffered injury, death or any other damage caused by an intoxicated person, may bring a claim or cause of action against any person who sold or otherwise furnished alcoholic beverages to the intoxicated person, only if:

   (a) The intoxicated person was younger than the legal age for the consumption of alcoholic beverages at the time the alcoholic beverages were sold or furnished and the person who sold or furnished the alcoholic beverages knew or ought reasonably to have known at the time the alcoholic beverages were sold or furnished that the intoxicated person was younger than the legal age for consumption of the alcoholic beverages; or

   (b) The intoxicated person was obviously intoxicated at the time the alcoholic beverages were sold or furnished, and the person who sold or furnished the alcoholic beverages knew or ought reasonably to have known that the intoxicated person was obviously intoxicated.

The Plaintiffs argue that in *Hickman v. Fraternal Order of Eagles, Boise # 115*, 114 Idaho 545, 758 P.2d 704 (1988), we held that the intoxicated driver should not be on the special verdict form. The Plaintiffs misread that opinion. In *Hickman*, heirs of two persons killed by an intoxicated driver brought an action to recover damages from the Fraternal Order of Eagles (Eagles), who provided alcohol at a Christmas party attended by Davis, the driver. He consumed alcohol at the party and later at his sister's home before he caused the collision. Davis was not a party to the subsequent litigation because he could not be located for service of process. The jury returned a verdict in favor of Eagles, and the heirs appealed. One of the issues they raised on appeal was the trial court's failure to include Davis's name on the verdict form. We affirmed, quoting the trial court's reasoning as follows:

> The main issue in this case, the only issue in this case, is Eagles' negligence. If Eagles is one percent negligent, they are liable for everything. If Eagles is ninety-nine percent negligent as compared to Davis, they are liable for everything. If Eagles is zero percent negligent, there is nothing to compare it with. In effect, I think trying to compare Eagles to the non-party Davis is irrelevant and confusing.

114 Idaho at 548, 758 P.2d at 707.

At the time of the trial in *Hickman*, joint tortfeasors in Idaho were each severally liable for the entire injury. *Luna v. Shockey Sheet Metal & Welding Co.*, 113 Idaho 193, 743 P.2d 61 (1987); *Smith v. Sharp*, 82 Idaho 420, 354 P.2d 172 (1960); Ch. 186, § 3, 1971 Idaho Sess. Laws 862, 863–64 (former Idaho Code § 6–803). Therefore, where, as in *Hickman*, there was no negligence attributable to the plaintiffs and one of the tortfeasors was not a party to the litigation, there was no need to include that tortfeasor on the verdict. Because he was not a party, that verdict would not have been binding upon him, and any negligence attributed to the nonparty tortfeasor would not have diminished the liability of the defendant, who would have been liable for the entire loss. As we stated in *Blome v. Truska*, 130 Idaho 669, 673–74, 946 P.2d 631, 635–36 (1997), with respect to the *Hickman* case, "The language contained in that opinion is premised upon the particular facts of the case dealing with who should be included on the verdict form when the inclusion of the non-party would have no effect upon the outcome."

In 1987, after the trial in *Hickman*,[3] the legislature amended Idaho Code § 6–803(3) to severely restrict the operation of joint and several liability. As amended, the statute provided as follows:

> (3) The common law doctrine of joint and several liability is hereby limited to causes of action listed in subsection (5), (6) and (7) of this section. In any action in which the trier of fact attributes the percentage of negligence or comparative responsibility to persons listed on a special verdict, the court shall enter a separate judgment against each party whose negligence or comparative responsibility exceeds the negligence or comparative responsibility attributed to the person recovering. The negligence or comparative responsibility of each such party is to be compared individually to the negligence or comparative responsibility of the person recovering. Judgment against each such party shall be entered in an amount equal to each party's proportionate share of the total damages awarded.

Ch. 278, § 4, 1987 Idaho Sess. Laws 571, 577–78. The term "joint tortfeasor" was defined to mean "(1) of two (2) or more persons jointly or severally liable in tort for the same injury to person or property, whether or not judgment has been recovered against all or some of them." *Id.* With the amendment to Idaho Code § 6–803(3), a defendant is liable only for his or her proportionate share of the total damages awarded, with the exception that a defendant remains jointly and severally liable for the fault of another person with whom the defendant was acting in concert or in an agent-servant relationship.[4] With the limitation of joint and several liability as a result of the 1987 amendment to Idaho Code § 6–803, the failure to include a nonparty

---

3. The appellate record in *Hickman* shows that the collision occurred on December 13, 1980, the complaint was filed on December 9, 1982, and the jury returned its verdict on October 24, 1986.

4. Idaho Code § 6–803(5) provides:

tortfeasor on the verdict form will affect the outcome even in cases in which there is no negligence attributable to the plaintiff(s), except where it is undisputed that the defendant is jointly and severally liable with all nonparty tortfeasors under § 6–803(5).

The Plaintiffs argue that the Defendants are severally liable under Idaho Code § 6–803(5) because they were acting in concert with Bogar. The district court did not address that issue, and therefore we will not address it on appeal.

## III. CONCLUSION

The order granting partial summary judgment holding that comparative negligence does not apply to a claim brought under Idaho Code § 23–808 is reversed. This case is remanded for further proceedings consistent with this opinion. Costs on appeal are awarded to the Defendants.

Chief Justice TROUT, and Justices SCHROEDER, KIDWELL, and BURDICK concur.

A party shall be jointly and severally liable for the fault of another person or entity or for payment of the proportionate share of another party where they were acting in concert or when a person was acting as an agent or servant of another party. As used in this section, "acting in concert" means pursuing a common plan or design which results in the commission of an intentional or reckless tortious act.

Subsections (6) and (7) which also preserved joint and several liability in specified circumstances were subsequently deleted from the statute. Ch. 122, § 1, 2003 Idaho Sess. Laws 370, 370–71.