292 P.2d 476

Robert **DOOLITTLE,** J. Howard Bradbury, and T. A. Faubion, Jr., Individually and as Stockholders and Directors; Martin T. Byrne, Individually and as Registered Stockholder and Director; and Harold Corbett, Frank Corbett and Jack Corbett, Individually, as Stockholders and as Successors of Martin T. Byrne as Registered Stockholder; and on Behalf of Other Stockholders, of Rathdrum State Bank, a corporation, Plaintiffs-Respondents,

v.

James C. **MORLEY,** John R. Mitchell, Barbara Turner Lang, also known as Barbara Turner, Defendants-Appellants.

No. 8260.

Supreme Court of Idaho.

Jan. 13, 1956.

368

Harold S. Purdy, Coeur d'Alene, Earl A. Phillips, Seattle, Wash., for appellants.

Edward J..Bloom, Wallace, for respondents.

SMITH, Justice.

Respondents (with later substitutions, Doolittle v. Morley, 76 Idaho 138, 278 P.2d 998) commenced this action as provided by I.C., sec. 30–137 against appellants for summary judicial review and confirmation of an alleged corporate election of directors of respondent Kathdrum State Bank.

Respondents contend that such election was legally accomplished at a special meeting of the stockholders of respondent bank held September 16, 1954. Respondent and shareholder Byrne noticed such special meeting to be held for certain purposes including "to consider and act upon the proposal to remove the present board of directors of this Corporation, and to elect a new Board of Directors in case the present board is removed." The record of the proceedings had at that meeting reflect the vote for removal of appellants and others, and election of the hereinafter named respondents, as directors. This litigation resulted when appellants refused to deliver the properties of respondent bank to the allegedly newly elected directors.

Appellants by their answer deny the legality of the action taken at such special meeting of shareholders, designed to remove the directors in office and to elect new directors.

The trial court's resulting judgment and decree made November 8, 1954, confirmed such election; decreed that appellants and others were removed as directors and respondents Byrne, Doolittle, Bradbury and Faubion, Jr., were duly elected as directors, but since Byrne had resigned as an elected director, that respondents Doolittle, Bradbury and Faubion, Jr., were directors so elected.

The appeal from the trial court's decree, and appellants' assignments of error are designed to test the legality of such election. Appellants contend that the trial court erroneously ruled that Idaho's general corporation laws, I.C., Title 30, governed the proceeding, i.e., removal of the directors in office and election of directors in their stead. The rulings of the trial court which raise this question read as follows:

"That the statutory provision of removal of directors of a state bank under Section 26-407, Idaho Code, is not an exclusive method.

"That Section 26-214, Idaho Code, with respect to the application of the general corporation laws of the State of Idaho to banks and banking is applicable and particularly Section 30-

139, Idaho Code, paragraph 4, providing for the removal of a director by two-thirds vote of the stockholders at a special meeting for that purpose. The proceedings held herein were in conformity with that applicable law."

I.C. sec. 26-407, a part of the Bank Act, I.C.; Title 26, reads:

"Any director, officer or employee of any bank found by the commissioner to be negligent, dishonest, reckless or incompetent, shall be removed from office by the board of directors of such bank on the written order of the commissioner, and if the directors neglect or refuse to remove such director, officer, or employee, in event any losses accrue to such bank thereafter by reason of the negligence, dishonesty, recklessness or incompetency of such director, officer or employee, such written order of the commissioner shall be deemed to be conclusive evidence of the negligence of the directors failing to act upon the same as herein provided in any action brought against them, or any of them, for recovery of such losses."

The powers of inspection and supervision of such institutions are legislatively delegated to the Commissioner of Finance of the State of Idaho by said Act. Lloyd v. Diefendorf, 54 Idaho 607, 34 P.2d 53. The quoted statutory provision, while

in aid of those delegated powers, does not clothe the Commissioner with the absolute power to remove a bank director, officer or employee for cause; for even though the Commissioner may have issued his written order of removal, the bank's board of directors, under penalty of civil liability for losses, may refuse to heed the Commissioner's order. Further, no power of removal by the Commissioner is to be found in the general corporation laws of this state.

■■ The internal affairs of a banking institution may properly call for the removal of a director; but since that power is not vested in the Commissioner, is it vested in the bank's corporate structure? In order to answer that question we must examine both the Bank Act and the general corporation laws. The Bank Act does not within itself provide for removal of a bank director. However, the Act does not purport to be a body of corporate law complete within itself relating to the corporate structures and corporate powers of banking institutions, for I.C. sec. 26–214 of the Act reads:

"Except as otherwise provided herein, the general corporation laws of this state shall apply to all corporations organized and operating under this act."

I.C. sec. 30–139, subd. 4, a part of the Business Corporation Act, reads:

"A director may be removed by two-thirds vote of the shareholders or members at a special meeting for that purpose called in the manner provided in subdivision 2 of section 30–133."

■■ The Bank Act provides that the articles of incorporation of a banking corporation shall conform to the requirements of the general corporation laws, except as otherwise provided in the Bank Act. Such Act does not contain provisions relating to special meetings of shareholders of a banking corporation. Articles of incorporation of such a corporation and amendments thereof must be approved by the Commissioner of Finance of the State of Idaho, before certain required filings of record are made. I.C. secs. 26–203 and 26–204. The Eighth Article of respondent bank's Articles of Incorporation, as amended and approved by the Commissioner, contains provisions relating to special meetings of the shareholders, as follows:

"Except as otherwise specifically provided by statute, special meetings of the stockholders may be called for any purpose at any time by the Board of Directors or by the holders of at least 10% of the then outstanding shares of any class. Every such special meeting shall be called by mailing, not less than ten days before the time fixed for the meeting, to all shareholders of record entitled to act and vote at such meeting, at their respective addresses as shown on the books of the Corporation, a notice stating the purpose of the meeting.

Such notice may be waived in writing. Provided, however, that the stock of the Corporation may not be increased except at a meeting of shareholders held after at least thirty days notice."

The pertinent portions of I.C. sec. 30–133, subd. 2, a part of the Business Corporation Act, provide:

"Special meetings of the shareholders may be called at any time by the board of directors. * * * At any time, upon written request of any director, or of any shareholder or shareholders holding in the aggregate one-fifth of the voting power of all shareholders, it shall be the duty of the secretary to call a special meeting of shareholders to be held at the registered office at such time as the secretary may fix, not less than ten nor more than thirty-five days after the receipt of said request, and if the secretary shall neglect or refuse to issue such call, the director or shareholder or shareholders making the request may do so."

and subd. 4 of said section provides:

"Written notice of the time, place and purposes of meetings including annual meetings shall be given by the secretary or other person authorized so to do, to all stockholders entitled to vote at such meeting, at least ten days prior to the day named for the meeting. If such written notice is placed in the United States mail, postage prepaid, and addressed to a shareholder at his last known postoffice address, notice shall be deemed to have been given him."

■ The record shows, upon refusal of the secretary of respondent bank to call a special meeting of the shareholders, that respondent Byrne, owner of 135 of the 250 outstanding shares of the bank, September 4, 1954, caused notice to be given to all of the bank's shareholders, of a special meeting of its shareholders to be held on September 16, 1954. Such notice sets forth, as purposes of the meeting, to act upon a proposal to remove the present board of directors and to elect a new board of directors, in case of removal of the directors, of respondent bank. The record then shows proceedings had at such special meeting, all of which appear in proper order, whereby more than two-thirds of all the outstanding shares of respondent bank were voted to remove its then board of directors, and that thereupon more than two-thirds of such outstanding shares were voted for a new board of directors. The trial court's findings and rulings are in conformity with such evidence.

■ In Fletcher Cyc. Corp., Perm. Ed. 1954, vol. 2, par. 351, p. 148, appears the following salient rule:

"Irrespective of any provision in the statute, charter or bylaws, shareholders or members have authority to remove directors from office during their term if substantial grounds can be shown."

■ Appellant asserts that a vacancy for any cause in the board of directors of a banking corporation can only be filled by the bank's remaining directors and not by the stockholders. While the Bank Act provides that any vacancy in the board of directors shall be filled by the board, I.C. sec. 26–406, the Act does not provide for the removal of a director; whereas, the Business Corporation Act not only vests in the shareholders of a corporation the power to remove a director but vests in the shareholders, as well as in the board of directors, the power to fill any vacancy in the board occurring by removal, or otherwise; but particularly, the shareholders may elect a successor director at any special meeting duly called for that purpose. I.C. sec. 30–139.

■ The two acts do not conflict with each other relating to the matters here under consideration. Both are identical insofar as they vest in the board of directors the power to fill a vacancy in the board. The Bank Act, enacted in 1925 is silent as respects the power of the shareholders either to remove a director or to fill a vacancy in the board; whereas the Business Corporation Act, enacted in 1929, simply reenacted long-established and then existing principles of law. There is no repugnancy between the two statutes. 82 C.J.S., Statutes, § 369, pp. 839–844, General and Special Statutes. The power of shareholders of a corporation to remove a director and to fill a vacancy thus created is set forth in Revised Codes of 1887, sec. 2597, which became effective June 1, 1887. Such power so vested in the shareholders has continued unchanged to the present time. I.C. sec. 30–139. The rule is stated in 50 Am.Jur., Statutes, sec. 340, p. 333:

"* * * the legislature will be presumed not to intend to overturn long-established principles of law, and the statute will be so construed, unless an intention to do so plainly appears by express declaration or necessary or unmistakable implication, and the language employed admits of no other reasonable construction."

We deem it unnecessary to consider appellants' further assignments of error.

The decree of the trial court confirming the corporate election of directors of respondent bank is affirmed. Costs to respondents.

TAYLOR, C. J., and KEETON, PORTER and ANDERSON, JJ., concur.