788 P.2d 843

**Mr. and Mrs. Kenneth JACOBSEN as Guardian Ad Litem and Natural Parent of Marcus Eugene Jacobsen, a Minor Child, Plaintiffs,**

v.

**Mr. and Mrs. Robert SCHRODER, Defendants.**

**Robert SCHRODER and Janis Schroder, husband and wife, Third–Party Plaintiffs–Appellants,**

v.

**Mr. and Mrs. Kenneth JACOBSEN, individually, Third–Party Defendants–Respondents.**

No. 17626.

Supreme Court of Idaho.

March 15, 1990.

Cantrill, Skinner, Sullivan & King, Boise, for appellants. Robert D. Lewis, argued.

Seiniger, Nevin, Kofoed and Herzfeld, Boise, for respondents. Wm. Breck Seiniger, Jr., argued.

JOHNSON, Justice.

This is an action for contribution. The only issue presented is whether a person who is liable for special damages incurred because of injuries to a minor child is entitled to contribution from the child's parents based on negligent supervision of the child by the parents. We hold that there is no right to contribution in this situation.

## I.

### THE BACKGROUND AND PRIOR PROCEEDINGS.

Marcus Jacobsen, a minor child, suffered severe brain damage and other injuries when he was kicked in the head by a horse owned by the Schroders. The accident occurred when Marcus entered a horse pen located on the Schroders' property.

Marcus' parents, the Jacobsens, as guardians ad litem for him, sued the Schroders to recover medical expenses and general damages caused by his injuries. They also sought attorney fees. The Schroders filed a third-party complaint against the Jacobsens alleging that the negligent failure of the Jacobsens to supervise Marcus was the cause of his injuries. The Schroders claimed that they were entitled to contribution from the Jacobsens for any special damages and attorney fees claimed by the Jacobsens in their complaint on behalf of Marcus.

The Jacobsens filed a motion to dismiss the third-party complaint on the ground that it did not state a cause of action. The trial court granted the motion to dismiss. On the request of the attorney for the Jacobsens and pursuant to I.R.C.P. 54(b), the trial court directed that the order of dismissal was a final judgment upon which an appeal might be taken as provided in the

Idaho Appellate Rules. The Schroders then appealed.

## II.

### THE SCHRODERS ARE NOT ENTITLED TO CONTRIBUTION.

■ The Schroders assert that their third-party complaint should not have been dismissed, because they are entitled to contribution from the Jacobsens as to the special damages incurred because of the injuries to Marcus. Specifically, the Schroders would have us distinguish *Pedigo v. Rowley*, 101 Idaho 201, 610 P.2d 560 (1980). In *Pedigo* this Court held that persons who had been sued for causing injuries to a minor child could not maintain a third-party action against the father of the child to obtain contribution from him based on his negligent supervision of the child. The Schroders attempt to distinguish a claim for contribution as to the child's special damages, as distinguished from a claim for contribution as to the child's general damages. We reject the validity of this distinction and apply *Pedigo* in affirming the dismissal of the third-party complaint of the Schroders.

In *Pedigo* this Court announced:

We believe that the integrity of the family plays an essential role in the welfare of our society. To that extent, we agree with those jurisdictions which still retain the doctrine of parental immunity.

. . . .

We are unwilling to adopt a categorical rule that universally prohibits parent-child actions on the basis of a total and absolute parental immunity. It is enough to say in the instant case, involving the relatively narrow area of parental immunity for *alleged negligent supervision,* no cause of action exists beyond that specified by our existing legislatively imposed sanctions.

There can be little argument but that the parental immunity of [the father] from suit brought by his daughter ... also bars third parties who are tortfeasors from seeking contribution....

Allowing third parties to recover from immune parents

"would permit the nonparent defendant, who would more likely be insured, to effectively reduce the child's compensation by means of a * * * apportionment with the negligent parent. It is artificial to separate the parent and child as economic entities by the assertion that the recovery of the nonparent defendant from the negligent parent does not technically diminish the injured child's recovery. The reality of the family is that, except in cases of great wealth, it is a single economic unit and recovery by a third party against the parent, ultimately diminishes the value of the child's recovery. Even if scrupulous care were taken to see that the parent's * * * contribution did not come out of the child's recovery * * *, there would still be a strain on the family relationship, a result which our courts have consistently sought to avoid." *Holodook v. Spencer* [36 N.Y.2d 35], 364 N.Y.S.2d [859] at 868–69, 324 N.E.2d [338] at 344 [ (1974) ].

We agree with the *Holodook* statement. 101 Idaho at 205–06, 610 P.2d at 564–65 (emphasis in original) (citations omitted).

In *Pedigo* the child's parents were divorced. The mother, as guardian ad litem, sued the persons she alleged had caused her child's injuries, seeking both special and general damages. The defendants filed a third-party action for contribution against the father for failing to supervise the child properly. In upholding the grant of summary judgment in favor of the father, this Court made no distinction between contribution as to special damages or as to general damages. Where the damages are sought for the benefit of the child, we can see no reason to distinguish between the two types of damages.

If the Jacobsens had sued in their own right to recover medical expenses they had incurred because of the injuries to Marcus, we might reach a different result. Even the attorney for the Jacobsens admits that a claim by the Schroders against the Jacob-

sens would be viable in that case. Although the Schroders have attempted to construe portions of the complaint as requesting recovery of the special damages by the Jacobsens individually, the complaint cannot reasonably be construed in that way. The allegations at issue state that as a direct and proximate result of the negligence of the Schroders, the Jacobsens have incurred and will incur obligations for the medical care of Marcus. In the prayer the Jacobsens request that they be appointed as guardians ad litem of Marcus and that "Plaintiffs be awarded special damages." Since the Jacobsens are plaintiffs only as guardians ad litem for Marcus, any recovery of special damages would be for his benefit.

As we said in *Lasselle v. Special Products Co.*, 106 Idaho 170, 173–74, 677 P.2d 483, 486–87 (1983) (citations omitted):

The general rule ... is that the parents have the primary right of action for expenses incurred by the child in connection with the injury. However, parents may waive or relinquish their rights in favor of the child so as to entitle the child to recover the full amount of damages. This waiver may be formal or implied from the party's conduct such as failing to object to the bringing of an action by the child in which the child claims damages properly belonging to the parent, or when he testifies in the child's action in regard to such damages.

... Allowing the child to recover if the parents waive their primary right of recovery does not require the defendant to pay the minor's medical expenses twice. The parents' waiver adequately protects the defendant.

Also, we are not concerned that the medical expenses were paid by the insurance company and the parents. This Court has long recognized the rule that "a tortfeasor is not relieved from liability because of the contribution of others." *Alesko v. Union Pacific R.R.*, 62 Idaho 235, 243, 109 P.2d 874, 878 (1941).

By bringing the action against the Schroders as guardians ad litem for Marcus, the Jacobsens effectively waived any claim they had to recover the medical expenses.

■ The Schroders invoke *Nelson v. Northern Leasing Co.*, 104 Idaho 185, 657 P.2d 482 (1983) for the proposition that the Jacobsens should not be allowed to profit from their own negligence. In *Nelson*, the parents of a young child who was killed by a truck brought a wrongful death action in their own names. There, we said:

*Pedigo* does not require a change in the long standing rule in Idaho and other jurisdictions that the negligence of the parents may be asserted as a defense in an action brought by the parents for the wrongful death of a child. *Pedigo* was an action brought on behalf of the child. In the case at bar, the action is brought by the parents for their sole benefit. Under *Pedigo* parents may not be sued directly for the negligent supervision of their children, but on the other hand, as demonstrated in the case at bar today, parents may not personally profit from their own negligence.

*Id.* at 188, 657 P.2d at 485.

This distinction applies directly to this case. While the Schroders might have been entitled to a reduction of the special damages if the Jacobsens had sued them individually to recover the medical expenses they had paid, the same is not true when the Jacobsens sued as guardians ad litem for their son.

### III.

### CONCLUSION.

We affirm the dismissal of the third-party complaint of the Schroders against the Jacobsens for contribution toward the special damages incurred because of the injuries to Marcus.

We award costs to the Jacobsens. We award no attorney fees on appeal.

BAKES, C.J., and BISTLINE, BOYLE and McDEVITT, JJ., concur.