99 P.3d 1083

**Deborah Jean "DJ" GILLIHAN, as the natural parent and guardian of Celia Gillihan, a minor, Plaintiff–Appellant,**

v.

**Heidi L. GUMP, individually; Solveig H. Lenhartzen, individually; and Does I–V, unknown parties, Defendants–Respondents.**

**No. 28508.**

Court of Appeals of Idaho.

Aug. 12, 2003.

---

694

Litster Law Offices, Boise, for appellant. Richard K. Dredge argued.

Hall, Farley, Oberrecht & Blanton, Boise, for respondents. Raymond D. Powers argued.

LANSING, Chief Judge.

This is an appeal from an award of attorney fees in a personal injury action. The defendants, as prevailing parties, were awarded attorney fees pursuant to Idaho Code § 12–120(1). The plaintiff appeals, arguing that defendants may not recover attorney fees in personal injury actions under § 12–120. We find the plaintiff's interpretation of the statute to be correct, and we therefore reverse.

## I.

### FACTUAL AND PROCEDURAL BACKGROUND

Deborah Jean Gillihan, as parent and guardian of Celia Gillihan, brought this tort

action against Heidi L. Gump and Sloveig H. Lenhartzen seeking damages of less than $25,000 for injuries that Celia, a minor, received on the defendants' property. The injury occurred when Celia stepped on a wooden plank covering the defendants' irrigation box and the plank broke. A jury trial resulted in a verdict finding that both parties were negligent and assessing 90 percent of the negligence to Celia, with 10 percent assigned to the defendants. The district court accordingly entered judgment in favor of the defendants. *See* I.C. § 6–801.

The defendants later filed a motion requesting an award of attorney fees pursuant to I.C. § 12–120(1). Gillihan objected, arguing that I.C. § 12–120(1) is not applicable to personal injury actions and that under I.C. § 12–120(4), attorney fees may be recovered only by prevailing plaintiffs in such actions. The district court granted the defendants' motion and awarded attorney fees under I.C. § 12–120(1). Gillihan appeals.

## II.

## ANALYSIS

### A. Attorney Fees in Personal Injury Actions for $25,000 or Less

■ Idaho law regarding the recovery of attorney fees by litigants follows the "American rule," which requires that litigants bear their own attorney fees absent a contractual right or a statutory authorization. *Great Plains Equip., Inc. v. Northwest Pipeline Corp.*, 132 Idaho 754, 771, 979 P.2d 627, 644 (1999); *State ex rel. Higginson v. United States*, 128 Idaho 246, 256, 912 P.2d 614, 624 (1995); *Idaho Dep't of Law Enforcement v. Kluss*, 125 Idaho 682, 684, 873 P.2d 1336, 1338 (1994), *overruled on other grounds by Rincover v. State, Dep't of Finance, Sec. Bureau*, 132 Idaho 547, 976 P.2d 473 (1999). Idaho Code § 12–120 provides such an authorization for the award of attorney fees to prevailing litigants in certain types of actions. At issue in this case are subsection (1) of that statute, pertaining to actions where the amount does not exceed $25,000, and subsection (4), which pertains to personal injury actions for damages not exceeding $25,000. The relevant portions of these subsections provide as follows:

(1) Except as provided in subsections (3) and (4) of this section, in any action where the amount pleaded is twenty-five thousand dollars ($25,000) or less, there shall be taxed and allowed to the prevailing party, as part of the costs of the action, a reasonable amount to be fixed by the court as attorney's fees. For the plaintiff to be awarded attorney's fees, for the prosecution of the action, written demand for the payment of such claim must have been made on the defendant not less than ten (10) days before the commencement of the action; provided, that no attorney's fees shall be allowed to the plaintiff if the court finds that the defendant tendered to the plaintiff, prior to the commencement of the action, an amount at least equal to ninety-five percent (95%) of the amount awarded to the plaintiff.

. . . .

(4) In actions for personal injury, where the amount of plaintiff's claim for damages does not exceed twenty-five thousand dollars ($25,000), there shall be taxed and allowed to the claimant, as part of the costs of the action, a reasonable amount to be fixed by the court as attorney's fees. For the plaintiff to be awarded attorney's fees for the prosecution of the action, written demand for payment of the claim and a statement of claim must have been served . . . not less than sixty (60) days before the commencement of the action; provided that no attorney's fees shall be allowed to the plaintiff if the court finds that the defendant tendered to the plaintiff, prior to the commencement of the action, an amount at least equal to ninety percent (90%) of the amount awarded to the plaintiff.

Questions about the interplay between these two subsections and the meaning of legislative language utilized in subsection (4) are the core of this appeal. Gillihan maintains that subsection (4) is now the exclusive provision governing attorney fee awards in personal injury actions and that it authorizes recovery only for prevailing plaintiffs. She relies upon the language in subsection (4)

that "there shall be taxed and allowed to the *claimant* . . . a reasonable amount . . . as attorney's fees." Because subsection (4) authorizes attorney fees only for the claimant, she argues, attorney fees are not recoverable by a prevailing defendant in a personal injury case.

The defendants do not contest Gillihan's assertion that subsection (4) mandates fee awards to plaintiffs only, but they assert that they remain entitled to an award under subsection (1). According to the defendants, subsection (4) operates only when a prevailing plaintiff is seeking attorney fees in a personal injury action, and it has no effect when a defendant is the prevailing party. The defendants maintain that adoption of subsection (4), which was added to the statute in 1996,[1] did not terminate the right of a prevailing defendant to receive an award under subsection (1); rather, subsection (4) merely modifies the requirements that must be met by an injured plaintiff seeking attorney fees and does not apply to nor limit a defendant's ability to seek an award under subsection (1).

When engaging in statutory interpretation, it is our objective to give effect to the intent of the legislature. If the language of a statute is clear and unambiguous, it is our obligation to apply the plain words of the statute, and there is no need for us to engage in statutory construction. *Jen–Rath Co., Inc. v. Kit Mfg. Co.*, 137 Idaho 330, 335, 48 P.3d 659, 664 (2002); *Payette River Prop. Owners Ass'n v. Bd. of Comm'rs of Valley County*, 132 Idaho 551, 556, 976 P.2d 477, 483 (1999); *State v. Griffith*, 130 Idaho 64, 66, 936 P.2d 707, 709 (Ct.App.1997); *Ada County v. Gibson*, 126 Idaho 854, 856, 893 P.2d 801, 803 (Ct.App.1995).

■ We find the defendants' proposed interpretation of § 12–120(1) and (4) to be untenable, as the language of the statute does not support it. The opening words of subsection (1) make it clear that it does not apply in cases that are subject to subsection (4), and the opening words of subsection (4) establish that it governs "[i]n actions for personal injury, where the amount of plaintiff's claim for damages does not exceed twenty-five thousand dollars ($25,000)." If the legislature had intended that personal injury actions be governed by *both* subsections (1) and (4), depending upon which party prevailed, we are confident that it would have done so with explicit language. The defendants' interpretation is strained and injects into the statute a level of complexity that is not suggested in the words chosen by the legislature.

This does not end our analysis, however, for although it is not argued by the defendants, we do find in subsection (4) an ambiguity that must be addressed in order to properly resolve the question whether defendants in small personal injury actions may recover attorney fees under § 12–120(4). That ambiguity arises from the use of the word "claimant" in subsection (4) to describe the party to whom attorney fees may be granted. At first blush, most readers probably would surmise that "claimant" refers to the plaintiff because it is the plaintiff who makes a claim in a personal injury action. This view is bolstered by the use of the word "claim" several times in subsection (4), each time clearly referring to damages sought by a plaintiff. If a "claim" is made by a "claimant," then one can sensibly conclude that "claimant" must refer to the plaintiff who is seeking damages. It is also reasonable, however, to interpret "claimant" to refer to the party claiming an entitlement to attorney fees, whether that party is the plaintiff or the defendant. Indeed, one may ask why, if the legislature intended "claimant" to mean plaintiff, it did not use the word "plaintiff" inasmuch as "plaintiff" is used elsewhere throughout subsection (4) and subsection (1). If the second interpretation is correct, then the award to the defendants in this case was authorized by subsection (4).

To resolve an ambiguity in a statute, courts may look to a statute's legislative history, including changes to the statute through amendments, to discern and implement the intent of the legislature. *Corp. of the Presiding Bishop of Church of Jesus Christ of Latter–Day Saints v. Ada County*, 123 Idaho 410, 416, 849 P.2d 83, 89 (1993);

---

1. 1996 Idaho Sess. Laws ch. 383 at 1305–06.

*Leliefeld v. Johnson*, 104 Idaho 357, 367, 659 P.2d 111, 121 (1983). Consulting the legislative history of § 12–120(4) is illuminating and, in our view, establishes that the legislature meant "claimant" to refer to the plaintiff. Before 1996, personal injury actions, like other actions involving $25,000 or less, were governed by § 12–120(1). The bill introduced in 1996 to add a new subsection (4) to I.C. § 12–120 was House Bill 708, and in that bill's original form, subsection (4) stated "... there shall be taxed and allowed to the *prevailing party* ... a reasonable amount ... as attorney's fees." (Emphasis added.) Before the bill was passed, however, it was amended to change "prevailing party" to "claimant." We can perceive no reasonable explanation for that amendment except as an expression of legislative intent that only plaintiffs would be entitled to recover attorney fees in small personal injury cases.

It must also be noted that, while taking away from personal injury defendants any opportunity to recover attorney fees if they prevail in the litigation, the legislature at the same time conferred certain benefits upon such defendants through the new subsection (4). Previously, with subsection (1) governing, a plaintiff with a small personal injury claim could preserve the right to obtain attorney fees in anticipated litigation by giving the defendant ten days to respond to a written demand before the plaintiff filed a complaint. Consequently, personal injury defendants or their insurers might have as little as ten days within which to evaluate a claim and avoid the risk of attorney fees by tendering a settlement offer; and the tendered amount had to equal at least 95 percent of the amount ultimately awarded to the plaintiff in the lawsuit. Subsection (4) altered these factors by requiring that personal injury plaintiffs wishing to recover attorney fees give defendants at least sixty days' notice of their demands before filing a lawsuit, thereby allowing defendants and their insurers more adequate time to accurately investigate and determine the merits of a claim and to make a settlement offer. Subsection (4) also reduces to 90 percent (from the 95 percent provided in subsection (1)) the percentage of the ultimate award that must be offered in settlement by the defense in order to avoid liability for the plaintiff's attorney fees. Thus, as originally drafted, House Bill 708 benefited personal injury action defendants by treating them more favorably than they were previously treated under subsection (1). It is quite possible, though the legislative history available to us neither confirms nor disproves the matter, that the amendment to House Bill 708 to preclude an award of attorney fees to prevailing defendants in personal injury actions was intended by the legislature as a quid pro quo or tradeoff for the benefits that the bill conferred upon defendants.

Whatever the legislative motivation may have been, however, we deem it clear from the legislative history deleting the words "prevailing party" and substituting the word "claimant" that the legislature intended "claimant" to mean "plaintiff." Because we conclude that I.C. § 12–120(4) is the exclusive authorization for recovery of attorney fees in small personal injury actions, and because defendants are barred from recovery of fees under that subsection, we hold that the district court erred in awarding attorney fees to the defendants in the present case.

## B. Costs Awarded by District Court

Gillihan also contests the trial court's award of costs to the defendants under Idaho Rule of Civil Procedure 54(d). Rule 54(d)(1)(C)(6) authorizes an award to the prevailing party, as a matter of right, for the cost of preparation of maps, photographs and other exhibits admitted into evidence at trial. Gillihan contends that the award in this case was excessive because the sum awarded by the court included the cost of enlarged photographs that were never presented into evidence.

An award of costs under Rule 54(d) is subject to the trial court's discretion, and the party opposing an award bears the burden on appeal of demonstrating an abuse of that discretion. *Great Plains Equip., Inc. v. Northwest Pipeline Corp.*, 136 Idaho 466, 474, 36 P.3d 218, 226 (2001); *Perry v. Magic Valley Reg'l Med. Ctr.*, 134 Idaho 46, 59, 995 P.2d 816, 829 (2000); *Zimmerman v. Volkswagen of Am., Inc.*, 128 Idaho 851, 857, 920 P.2d 67, 73 (1996). The information that was

before the trial court as it considered the defendants' cost bill included the exhibits that were presented at trial, but these materials have not been included in the record on appeal to facilitate our review of the cost award. We have no information as to the number, size or character of the defendants' trial exhibits. Moreover, Gillihan's argument does not take into account that in the cost bill the defendants claimed expenses of $809.88 for the preparation of trial exhibits, but they were awarded only $500 of these costs. Gillihan has not shown an abuse of the trial court's discretion with respect to the amount of the cost award.

As her final issue on appeal, Deborah Gillihan also argues that she cannot be held personally liable for the cost award when the real party in interest as plaintiff was the minor child, Celia. We address this issue only in a limited way.

■ The judgment in this case does not make any award against Deborah Gillihan personally and individually. It states simply that "judgment is entered in favor of the defendant." This language does not specify against whom the judgment is entered, but because the only plaintiff in the action is and always has been designated "Debra Jean 'D.J.' Gillihan, as the natural parent and guardian of Celia Gillihan, a minor," it is apparent that the judgment was entered against Debra Gillihan in her representative capacity "as the natural parent and guardian" of her daughter.[2] Rule 54(d)(1) mandates an award of certain costs to a prevailing party as a matter of right. Neither that rule nor any other rule or statute of which we are aware makes an exception for lawsuits brought by guardians or other fiduciaries for or on behalf of a minor child or incompetent person.

■ It appears, however, that Gillihan's objective in raising this issue is not to challenge the form of the judgment actually entered by the district court, but to obtain an opinion as to whether her personal assets can be reached by the defendants in executing upon the judgment (which we have now limited to the amount awarded as costs). This is not a challenge to the district court's judgment but a request that this Court interpret or clarify the judgment. Such an issue is not ripe for appellate determination. There is no indication in the record that defendants have made an effort to execute on Gillihan's personal assets to satisfy the award, and there has been no district court ruling adverse to Gillihan on this issue which could appropriately be the subject of appellate review. Therefore, the issue is not properly presented in this appeal, and we decline to address it. *See Whitted v. Canyon County Bd. of Comm'rs,* 137 Idaho 118, 121–22, 44 P.3d 1173, 1176–77 (2002); *McCray v. Rosenkrance,* 135 Idaho 509, 516, 20 P.3d 693, 700 (2001); *Lawton v. City of Pocatello,* 126 Idaho 454, 464–65, 886 P.2d 330, 340–41 (1994).

## C. Attorney Fees on Appeal

Gillihan has requested an award of attorney fees on appeal but she has not presented any authority for such an award. In order to be entitled to an award of attorney fees, a party must identify a statute or rule upon which an award may be based. *Browning v. Browning,* 136 Idaho 691, 696, 39 P.3d 631, 636 (2001); *Bingham v. Montane Res. Assocs.,* 133 Idaho 420, 427, 987 P.2d 1035, 1042 (1999). Therefore, no attorney fees are awarded on appeal.

## III.

## CONCLUSION

The component of the district court's judgment awarding attorney fees to the defendants is reversed. The judgment is in all

2. Idaho Rule of Civil Procedure 17(c) provide(s) that if an infant or incompetent person has a duly appointed representative such as a general guardian or conservator, the representative may sue on behalf of that person or, in the absence of such a duly appointed representative, the person may sue by a next friend or guardian ad litem. Although a parent bringing a personal injury action on behalf of a child as next friend or guardian may also sue in his or her individual capacity to recover medical expenses incurred by the parent for the child's treatment, Deborah Gillihan did not do so; she thereby waived any personal right of action she possessed for reimbursement of such medical expenses. *See Jacobsen v. Schroder,* 117 Idaho 442, 444, 788 P.2d 843, 845 (1990); *Lasselle v. Special Prod. Co.,* 106 Idaho 170, 173, 677 P.2d 483, 486 (1983).

other respects affirmed. Costs on appeal, but not attorney fees, are awarded to appellant as the prevailing party pursuant to Idaho Appellate Rule 40.

Judge PERRY concurs.

Judge Pro Tem COPSEY, concurring in part and dissenting in part.

I respectfully dissent from the majority's decision in section (II)(A) and join in the majority's decision in section (II)(B). The majority holds in section (II)(A) that I.C. § 12–120(4) is the exclusive provision governing attorney fee awards in personal injury actions and that it authorizes recovery only for prevailing plaintiffs. I would affirm the district court and hold that I.C. § 12–120(1) mandates attorney fee awards to prevailing defendants in personal injury actions where the amount alleged is less than $25,000. I would further hold that I.C. § 12–120(4) only amends the conditions a plaintiff must meet in such personal injury cases in order to be awarded fees.

As Justice Walters wrote in his law journal article with respect to I.C. § 12–120(1), "[t]he scope of this statute is substantial. First of all it applies to 'any action,' *without limitation,* where the amount pleaded is $25,000 or less." Hon. Jesse R. Walters, Jr., *A Primer for Awarding Attorney Fees in Idaho,* 38 Idaho L.Rev. 1, 25 (2001) (emphasis added). Unlike other attorney fee statutes, the award of attorney fees under this statute is mandatory. *Id.* at 26. Furthermore, this statute places certain procedural conditions on plaintiffs which *must* be met before a prevailing plaintiff may recover attorney fees.[1] Finally, the Idaho Supreme Court has held I.C. § 12–

120(1) also mandates attorney fees be awarded to defendants who prevail in such actions. *Id.* at 25 (citing *Loftus v. Snake River Sch. Dist.,* 130 Idaho 426, 942 P.2d 550 (1997)).

In 1996, the Idaho legislature added subsection (4) to I.C. § 12–120, and amended I.C. § 12–120(1) to reflect its addition.[2] The majority reads the language in I.C. § 12–120(1) "[e]xcept as provided in subsections (3) and (4) of this section ..." as meaning that subsection (4) provides the exclusive means for awarding attorney fees in personal injury actions, and that by adding subsection (4), the legislature affirmatively eliminated the right of a prevailing defendant in a personal injury action to be awarded attorney fees.[3] To reach their conclusion, the majority finds that the term "claimant" as used in I.C. § 12–120(4) is ambiguous making the legislature's intention unclear.

The majority then examines the original language in the bill introduced in 1996 and follows its changes in committee. That bill originally read as follows: "... there shall be taxed and allowed to the *prevailing party* ... a reasonable amount ... as attorney's fees." The term "prevailing party" was changed to "claimant" in a subsequent markup. The majority finds this bare act during the committee mark-up suggests the legislature intended to preclude a *prevailing defendant* from recovering attorney fees, changing the existing law. However, there is no legislative history indicating why this change was made, and there is no direct evidence that the legislature intended to radically depart from the prior rule allowing a prevailing

---

1. Under I.C. § 12–120(1), in order for the plaintiff to receive an award for attorney fees, the statute requires that the plaintiff must have made a written demand on the defendant at least ten days before the commencement of the action. Additionally, if the defendant tenders an amount equal to ninety-five per cent of the ultimate judgment, attorney fees cannot be awarded to the plaintiff. I.C. § 12–120(4) changes these conditions.

2. While the legislature made certain other changes, only the changes to I.C. § 12–120(1) and the addition of subsection (4) are relevant here.

3. Gillihan also argues that dicta in *Great Plains Equip., Inc. v. Northwest Pipeline Corp.,* 136 Idaho 466, 476, 36 P.3d 218, 228 (2001) supports treating Idaho Code § 12–120(4) as the sole subsection applying to personal injury actions. In *Great Plains,* the Idaho Supreme Court stated "[t]he phrase '[e]xcept as provided in subsections (3) and (4)' means: if it is not a ... personal injury (4), I.C. § 12–120(1) applies." *Great Plains,* 136 Idaho at 476, 36 P.3d at 228. However, where the Supreme Court was not called upon to decide, and did not decide, whether subsection (4) provided the exclusive means for obtaining attorney fees in a personal injury action, the court is not bound by its observation.

defendant be awarded attorney fees in such personal injury cases.[4]

Unlike the majority, I would hold that when read together, I.C. §§ 12–120(1) and 12–120(4) are clear and unambiguous.[5] The two sections can be read together to mean that in personal injury cases, the plaintiff cannot recover attorney fees unless he submits a proof of claim as more fully described in subsection (4) without changing a prevailing defendant's right to attorney fees. I would find that subsection (4) only addresses the conditions under which a plaintiff may recover and does not affect a defendant who prevails in a personal injury case where the amount alleged is less than $25,000.

While clearly subsection (4) changes the conditions a plaintiff must satisfy in order to be awarded attorney fees in a personal injury action, the prevailing defendant's right to attorney fees are covered by I.C. § 12–120(1). This construction is consistent with the previous state of the law and would explain why subsection (4) does not refer to "prevailing party." "It is assumed that when the legislature enacts or amends a statute it has full knowledge of the existing judicial decisions and case law of the state." *George W. Watkins Family v. Messenger,* 118 Idaho 537, 540, 797 P.2d 1385, 1388 (1990). Furthermore, "[t]he legislature is presumed not to intend to overturn long established principles of law unless an intention to do so plainly appears by express declaration or the language employed admits of no other reasonable construction." *Id.* Thus, without a clear indication that the legislature intended to eliminate a prevailing defendant's right to

fees, I would construe the statute as only changing a plaintiff's responsibilities.

A statute is ambiguous only where reasonable minds might differ or be uncertain as to its meaning. *State v. Browning,* 123 Idaho 748, 750, 852 P.2d 500, 502 (Ct.App.1993). "[A]mbiguity is not established merely because different possible interpretations are presented to a court. If this were the case then all statutes that are the subject of litigation could be considered ambiguous." *Matter of Permit No. 36–7200,* 121 Idaho 819, 823, 828 P.2d 848, 852 (1992). In construing a statute, the court "will not deal in any subtle refinements of the legislation, but will ascertain and give effect to the purpose and intent of the legislature, based on the whole act and every word therein, lending substance and meaning to the provisions." *Ada County Assessor v. Roman Catholic Diocese of Boise,* 123 Idaho 425, 428, 849 P.2d 98, 101 (1993) (citing *Messenger,* 118 Idaho at 539–40, 797 P.2d at 1387–88). A statute is to be construed as a whole without separating one provision from another. *Messenger,* 118 Idaho at 539, 797 P.2d at 1387.

Thus, viewing the statute as a whole, I would hold that the statute is clear and unambiguous and that there is no reason to resort to the rules of statutory construction. I would further hold that a prevailing defendant in a personal injury action for less than $25,000 is entitled to attorney fees under I.C. § 12–120(1).

On the other hand, if the majority is correct and subsection (4) provides the exclusive means for recovering attorney fees in personal injury actions where the amount alleged is less than $25,000, I would find that

---

**4.** While Gillihan presented an affidavit from the bill's sponsor, this affidavit is nothing more than post-enactment "history," and should not be considered. *See e.g. Cummins, Inc. v. Superior Court,* 109 Cal.App.4th 1385, 1 Cal.Rptr.3d 129 (2003); *Salem–Keizer Ass'n of Classified Employees v. Salem–Keizer School Dist. 24J,* 186 Or.App. 19, 61 P.3d 970 (2003). The motive or purpose of the drafters of a statute is not relevant to its construction, absent reason to conclude that the body which adopted the statute was aware of that purpose and believed the language of the proposal would accomplish it. *Robert L. v. Superior Court,* 30 Cal.4th 894, 135 Cal.Rptr.2d 30, 69 P.3d 951 (2003).

**5.** "[W]here the language of the statute is unambiguous, the clear expressed intent of the legislature must be given effect and there is no occasion for construction." *Corp. of Presiding Bishop v. Ada County,* 123 Idaho 410, 415, 849 P.2d 83, 88 (1993). When called upon to interpret a statute, the court begins with an examination of its literal words. *State, Dep't of Health & Welfare ex rel. Lisby v. Lisby,* 126 Idaho 776, 779, 890 P.2d 727, 730 (1995). If the statutory language is clear and unambiguous, a court need merely apply the statute without engaging in any statutory construction. *State v. Hagerman Water Right Owners, Inc.,* 130 Idaho 727, 732, 947 P.2d 400, 405 (1997).

this subsection does not exclude prevailing defendants from recovering attorney fees.

As the majority holds, resolving this issue centers on the word "claimant" and its meaning. However, unlike the majority, I think this word is clear and unambiguous and would rely on its ordinary meaning. In statutory construction "[u]nless a contrary purpose is clearly indicated, ordinary words will be given their ordinary meaning when construing a statute." *Bunt v. City of Garden City,* 118 Idaho 427, 430, 797 P.2d 135, 138 (1990). Thus, I first would consider the ordinary dictionary definition of "claimant."

According to MERRIAM–WEBSTERS COLLEGIATE DICTIONARY (11th ed.2003), a "claimant is one that asserts a right" or according to the AMERICAN HERITAGE DICTIONARY OF THE ENGLISH LANGUAGE (4th ed.2000) it is "[a] party that makes a claim." Therefore, *given the subject matter of the statute,* a claimant, as used in this subsection, is the person claiming the attorney fees. If the legislature intended to eliminate attorney fees for prevailing defendants by enacting this subsection, the legislature could have simply said so, which it did not. The legislature could have inserted the word, *plaintiff,* for the original word, *prevailing party,* making the subsection read as follows: "... there shall be taxed and allowed to the *plaintiff* ... a reasonable amount ... as attorney's fees." This would have clearly changed the prior rule and created no confusion. The legislature did not do this.

Without any *direct* evidence, the majority presumes the legislature intended to radically depart from the previous state of the law on attorney fees and affirmatively intended to eliminate attorney fees for prevailing defendants in personal injury cases. However, there is no plainly expressed declaration to preclude prevailing defendants from recovering fees, and under Idaho case law, the legislature should be presumed to *not* intend to overturn long established principles of law *absent such plain declaration. Messenger,* 118 Idaho at 540, 797 P.2d at 1388.[6] Furthermore, if the majority is correct that "claimant" is ambiguous, then by definition subsection (4) is capable of more than one construction, suggesting the presumption announced in *Messenger* was not overcome. *Id.*

In addition, when a statute is capable of more than one construction, the court may consider the consequences of a proposed interpretation. *See Lawless v. Davis,* 98 Idaho 175, 177, 560 P.2d 497, 499 (1977). When choosing between alternative constructions of a statute, courts should presume that the statute was not enacted to work a hardship or to effect an oppressive result. *Id.* Constructions that would cause a statute to produce "unnecessarily harsh consequences are to be avoided and any ambiguity in a statute should be resolved in favor of a reasonable operation of the law." *Higginson v. Westergard,* 100 Idaho 687, 691, 604 P.2d 51, 55 (1979). The majority considered the consequences and concludes that the amendment's consequences promote settlement.

However, contrary to the majority's opinion, eliminating a prevailing defendant's right to recover attorney fees in a small personal injury case will not encourage settlement. An unreasonable plaintiff would have no real incentive to accept a reasonable settlement offer, knowing that there was no risk of attorney fees being imposed. The plaintiff's only downside would be the potential loss of an affirmative award of fees to himself.

Therefore, I would affirm the district court's decision to award attorney fees to defendants who prevail in personal injury actions where the amount claimed is less than $25,000.

---

6. "The legislature is presumed not to intend to overturn long established principles of law unless an intention to do so plainly appears by express declaration or the language employed admits of no other reasonable construction." *Messenger,* 118 Idaho at 540, 797 P.2d at 1388 (citing *Doolittle v. Morley,* 77 Idaho 366, 292 P.2d 476 (1956)).