231 P.3d 524

Martin GONZALEZ, Plaintiff–Appellant,

v.

Shaun THACKER, individually; Terri Reininger, individually; and Does I–V, unknown parties, Defendants–Respondents.

No. 34534.

Supreme Court of Idaho,
Boise, November 2008 Term.

Jan. 21, 2009.

880

Holzer Edwards, Chartered, Boise, for appellant. Kurt Holzer argued.

Powers Thomson, P.C., Boise, for respondents. Raymond Powers argued.

HORTON, Justice.

This appeal stems from a district court's award of attorney fees to the defendants in a personal injury action. Appellant Martin Gonzalez (Gonzalez) appeals the district court's award of attorney fees to respondents Shaun Thacker, Terri Reininger, and Does I–V (collectively referred to as Respondents).

1. We also conclude that counterclaimants who successfully advance claims may also be entitled to attorney fees under I.C. § 12–120(4) in certain circumstances, as will be discussed *infra*. In such cases, the plaintiff may have attorney fees awarded against him or her. However, for convenience purposes, unless the context of the discussion indicates otherwise, this opinion will refer to "plaintiffs" in a broader sense, rather than using the more unwieldy phrase "parties success-

The district court concluded that Respondents were entitled to attorney fees pursuant to I.C. § 12–120(4), which pertains to attorney fees in personal injury actions. Because we hold that only plaintiffs [1] may be awarded attorney fees under I.C. § 12–120(4), we reverse the district court's award to Respondents.

## I. FACTUAL AND PROCEDURAL BACKGROUND

In late 2004, while driving an automobile, Thacker pulled out from a stop sign into the path of a vehicle in which Gonzalez was riding, injuring Gonzalez and causing him economic and non-economic damages. In May 2005, Gonzalez sent a demand letter to Respondents asking for damages "in excess of $13,000." In February 2006, Respondents offered to settle Gonzalez's claim for $18,100. Gonzalez filed a complaint in June 2006, and Respondents answered in August 2006. In February 2007, the case went to a Small Lawsuit Resolution Act (SLRA) evaluator, who found Thacker to be 100% at fault for the accident. The evaluator awarded Gonzalez economic damages in the amount of $10,735.57 and $2,000 in non-economic damages. The parties accepted the decision of the evaluator without seeking a trial *de novo*, and in May 2007 the district court entered a judgment for Gonzalez for $12,725.57.[2] In August 2007, the district court relied on this Court's plurality opinion in *Gillihan v. Gump*, 140 Idaho 264, 92 P.3d 514, (2004) (*Gillihan II*), to determine that I.C. § 12–120(4) does not preclude an award of attorney fees to defendants in personal injury cases in which the plaintiff's claim for damages does not exceed $25,000. The district court entered an order granting Respondents "attorney fees under Idaho Code § 12–120(4) as requested" in the amount of $4,636.50. The district court then amended and reduced

fully advancing a claim falling within I.C. § 12–120(4)."

2. We recognize that the award of economic and non-economic damages should equal $12,735.57. However, the evaluator stated that the total award was $12,725.57 and judgment was entered for the lesser sum.

Gonzalez's judgment to $8,089.07. Gonzalez timely appealed.

## II. STANDARD OF REVIEW

■ When an award of attorney fees depends on the interpretation of a statute, the standard of review for statutory interpretation applies. *BECO Const. Co., Inc. v. J–U–B Engr's, Inc.*, 145 Idaho 719, 726, 184 P.3d 844, 851 (2008). The interpretation of a statute is a question of law over which this Court exercises free review. *State v. Hart*, 135 Idaho 827, 829, 25 P.3d 850, 852 (2001).

## III. ANALYSIS

This case hinges on the interpretation of I.C. § 12–120, and more specifically on the use of the word "claimant" in the first sentence of I.C. § 12–120(4). One way to interpret the statute is to conclude that subsection four alone governs attorney fees in personal injury cases where the amount of plaintiff's claim does not exceed $25,000 and mandates an award only to parties who have successfully advanced their claims in such cases—not defendants. Under this interpretation, the word "claimant" in subsection four refers to the plaintiff in the personal injury action. The Idaho Court of Appeals, in *Gillihan v. Gump*, 140 Idaho 693, 99 P.3d 1083 (Ct.App. 2003) (*Gillihan I*), and two members of this Court, dissenting in *Gillihan II*, have understood I.C. § 12–120(4) to operate in this way. A plurality of this Court in *Gillihan II*, however, held that subsection four operates in tandem with subsection one, and that nothing in the former precludes an award of attorney fees to defendants under the latter. In the plurality's view, the word "claimant" in subsection four refers to either the prevailing plaintiff or defendant in the small personal injury action who is claiming attorney fees.

Critically, the plurality, unlike the Court of Appeals, failed to address the fact that, prior to passage, the legislature amended the phrase "prevailing party" to "claimant" in I.C. § 12–120(4). H. Am. to H.B. No. 708 (1996) (deleting "prevailing party" and inserting "claimant"). The plurality opinion, however, is not binding on this Court. *Osick v. Pub. Employee Ret. Sys. of Idaho*, 122 Idaho 457, 460, 835 P.2d 1268, 1271 (1992).

We must now decide the proper interpretation of I.C. § 12–120 and whether the district court erred in awarding attorney fees to Respondents pursuant to I.C. § 12–120(4).

### A. The district court erred when it awarded attorney fees to Respondents under I.C. § 12–120(4).

■ In interpreting a statute, it is this Court's duty to ascertain and give effect to legislative intent by reading the entire act, including amendments. *George W. Watkins Family v. Messenger*, 118 Idaho 537, 539–40, 797 P.2d 1385, 1387–88 (1990). If the language of the statute is clear, the Court should apply the plain meaning of the statute. *Jen–Rath Co., Inc. v. Kit Mfg. Co.*, 137 Idaho 330, 335, 48 P.3d 659, 664 (2002); *Payette River Prop. Owners Ass'n v. Bd. Of Comm'rs of Valley County*, 132 Idaho 551, 557, 976 P.2d 477, 483 (1999). If, however, a statute lends itself to more than one reasonable interpretation, it is ambiguous. *Carrier v. Lake Pend Oreille Sch. Dist. No. 84*, 142 Idaho 804, 807–08, 134 P.3d 655, 658–59 (2006). The meaning of I.C. § 12–120 has spawned litigation and several appeals that have divided both the Court of Appeals as well as this Court. Based on this history, it is fair to say the statute is ambiguous. When a statute is ambiguous, the Court should consider not only the literal words of the statute, but also the reasonableness of proposed constructions, the public policy behind the statute, and its legislative history in order to discern and implement the intent of the legislature. *Hayden Lake Fire Prot. Dist. v. Alcorn*, 141 Idaho 388, 398–99, 111 P.3d 73, 83–84 (2005); *Kelso & Irwin, P.A. v. State Insur. Fund*, 134 Idaho 130, 134, 997 P.2d 591, 595 (2000).

■ I.C. § 12–120 states in relevant part:

(1) Except as provided in subsections (3) and (4) of this section, in any action where the amount pleaded is twenty-five thousand dollars ($25,000) or less, there shall be taxed and allowed to the prevailing party, as part of the costs of the action, a reasonable amount to be fixed by the court as attorney's fees. For the plaintiff to be awarded attorney's fees, for the prosecu-

tion of the action, written demand for the payment of such claim must have been made on the defendant not less than ten (10) days before the commencement of the action; provided, that no attorney's fees shall be allowed to the plaintiff if the court finds that the defendant tendered to the plaintiff, prior to the commencement of the action, an amount at least equal to ninety-five percent (95%) of the amount awarded to the plaintiff.

. . . .

(4) In actions for personal injury, where the amount of plaintiff's claim for damages does not exceed twenty-five thousand dollars ($25,000), there shall be taxed and allowed to the claimant, as part of the costs of the action, a reasonable amount to be fixed by the court as attorney's fees. For the plaintiff to be awarded attorney's fees for the prosecution of the action, written demand for payment of the claim and a statement of claim must have been served on the defendant's insurer, if known, or if there is no known insurer, then on the defendant, not less than sixty (60) days before the commencement of the action; provided that no attorney's fees shall be allowed to the plaintiff if the court finds that the defendant tendered to the plaintiff, prior to the commencement of the action, an amount at least equal to ninety percent (90%) of the amount awarded to the plaintiff.

The plurality in *Gillihan II*, applying the rules of statutory construction stated above, concluded that subsection four does not preclude an award of attorney fees to a defendant. It opined that subsection one governs personal injury actions where the plaintiff's claim for damages does not exceed $25,000 to the extent it is not modified by subsection four. *Gillihan II* at 267, 92 P.3d at 517. The plurality concluded that subsection four simply changes two parts of subsection one (concerning the specific requirements for plaintiffs to receive an award of attorney fees). *Id.* Under this view, in subsection four, the use of the word "claimant" in the phrase "there shall be taxed and allowed to the claimant . . . attorney's fees," means at-

torney fees shall be taxed and allowed to either a plaintiff or defendant claiming attorney fees in an action meeting the other requirements of the statute. *Id.*

There are two problems with this view. As Judge Lansing pointed out in *Gillihan I*, the first is that:

The opening words of subsection (1) make it clear that it does not apply in cases that are subject to subsection (4), and the opening words of subsection (4) establish that it governs "[i]n actions for personal injury, where the amount of plaintiff's claim for damages does not exceed twenty-five thousand dollars ($25,000)."

*Gillihan I* at 696, 99 P.3d at 1086. The two subsections do not govern together in personal injury actions, and to read them as though they do, as Gonzalez points out, is to edit the statutory language of I.C. § 12–120. The plurality's interpretation is strained, and both parties in this case have agreed (although Respondents reversed their position at oral argument) that once subsection four applies, subsection one no longer governs. The parties do dispute the meaning of the word "claimant" in subsection four.

Under the plurality's view, as Chief Justice Eismann points out in the *Gillihan II* dissent, the word "claimant" in subsection four must be synonymous with the idea of "prevailing party." This is because, in order for the word "claimant" in subsection four to refer to either the defendant or plaintiff, it must also signify that such a defendant or plaintiff has prevailed in the personal injury action, since losing parties do not recover attorney fees under Idaho law. *See Gillihan II* at 271, 92 P.3d at 521 (Eismann, J., concurring in dissent). This leads to the second problem with the plurality's construction of the statute: It assigns the word "claimant" in subsection four a meaning synonymous with "prevailing party," without explaining why the legislature bothered to substitute the word "claimant" for "prevailing party" prior to the subsection's passage. *See* H. Am. to H.B. No. 708 (1996) (deleting "prevailing party" and inserting "claimant").

■ The legislature may have been varying its diction. However, we decline to interpret the substitution this way, because "where an amendment is made it carries with it the presumption that the Legislature intended the statute thus amended to have a meaning different than theretofore accorded it." *State ex rel. Parsons v. Bunting Tractor Co.*, 58 Idaho 617, 619, 77 P.2d 464, 466 (1938) (holding change of word "shall" to "may" prior to bill's passage indicates legislative intent to make purchases upon bids permissive rather than mandatory); *see also In re Garrett Transfer & Storage Co.*, 53 Idaho 200, 201, 23 P.2d 739, 740 (1933) (holding elimination of provisions prior to passage of bill requiring a certificate of convenience and necessity indicates legislature intentionally omitted such provisions); *In re Segregation of School Dist. No. 58 from Rural High School Dist. No. 1*, 34 Idaho 222, 224, 200 P. 138, 140 (1921) (holding removal of word "unanimous" from bill prior to passage demonstrates legislative intent to change law from requiring board unanimity to segregate school districts to requiring only majority); *Beker Industries Inc. v. Georgetown Irr. Dist.*, 101 Idaho 187, 191, 610 P.2d 546, 550 (1980) (holding legislature's removal of language allowing director to approve change in nature of water use prior to bill's passage can only be interpreted as intent that director not have that power). In this case, there can be "no reasonable explanation for that amendment except as an expression of legislative intent that only plaintiffs would be entitled to recover attorney fees in small personal injury cases." *Gillihan I* at 697, 99 P.3d at 1087.

Respondents, however, pose a question: If the legislative intent was that only plaintiffs be allowed to recover attorney fees under subsection four, why did the legislature not simply use the word "plaintiff" rather than "claimant" in that provision and make that intent explicit? Although the legislative history yields no definitive answer, a reasonable conclusion is that the legislature used the word "claimant" to account for those situations in which defendants who assert a counterclaim, and who thus would have been called "plaintiffs" had they filed suit first but are instead called "defendants-counterclaim-ants," are not precluded from recovering attorney fees simply because the other party filed first.

■ Both the *Gillihan I* and *Gillihan II* courts, as well as the parties in this case, recognize that the purpose behind I.C. § 12-120 is to affect the bargaining power of the parties in small civil cases in order to facilitate an efficient and early settlement if possible. Each party is able to argue that its reading of the statute best serves public policy. The complexities of settlement negotiations, however, including the parties' relative bargaining strengths and empirical evidence of the reasonableness of parties at settlement, are queries best left to the legislature. "The legislature has the resources for the research, study and proper formulation of broad public policy." *Anstine v. Hawkins*, 92 Idaho 561, 563, 447 P.2d 677, 679 (1968). While it is true that I.C. § 12-120 is ambiguous on its face, when readers consider the statute in light of the legislative substitution of "claimant" for "prevailing party," the least strained interpretation employing the plain meaning of the statute prevails. The law as written instructs that, where subsection four governs, subsection one does not, and only plaintiffs are allowed an award of attorney fees under subsection four. This Court "must follow the law as written ..., [and][i]f it is socially or economically unsound, the power to correct it is legislative, not judicial." *John Hancock Mut. Life Ins. Co. v. Neill*, 79 Idaho 385, 405, 319 P.2d 195, 206, (1957) (citations omitted); *see also Anstine*, 92 Idaho at 563, 447 P.2d at 679. Therefore, we reverse the district court's award of attorney fees to Respondents under I.C. § 12-120(4).

■ Although we reverse the district court's decision, we are mindful that the district judge applied the legal principle announced in the lead opinion in *Gillihan II*. Generally, the lower courts are obligated to abide by the decisions of this Court and the Court of Appeals. *State v. Guzman*, 122 Idaho 981, 986, 842 P.2d 660, 665 (1992). It is only because the reasoning in *Gillihan II* was not adopted by three members of this Court that it was not controlling precedent. *Osick*, 122 Idaho at 460, 835 P.2d at 1271.

884

There is nothing in the record that suggests that counsel for Gonzalez alerted the district court that *Gillihan II* was not binding precedent.

**B. Respondents are not entitled to attorney fees on appeal.**

Respondents have asked this Court for attorney fees on appeal pursuant to I.C. § 12–121. Under I.C. § 12–121, attorney fees are awarded to the prevailing party only if the Court determines that the appeal was brought or defended frivolously, unreasonably, or without foundation. *Garcia v. Windley*, 144 Idaho 539, 546, 164 P.3d 819, 826 (2007). Because Respondents have not prevailed in this appeal, they are not entitled to an award of attorney fees.

### IV. CONCLUSION

We hold that I.C. § 12–120(4) alone governs attorney fees in personal injury actions where the amount of plaintiff's claim does not exceed $25,000 and allows for an award of attorney fees only to plaintiffs in such cases. We reverse the district court's award of attorney fees to Respondents. Costs, but not attorney fees, are awarded to Appellant.

Chief Justice EISMANN, Justices BURDICK, J. JONES and W. JONES concur.